## SUPREME COURT.

### LEAYCROFT agt. FOWLER.

The consent to refer, required by § 270 of the Code, may be written by the parties or their attorneys, or by the clerk entering their consent in the minutes of the court, or by the referees in their minutes, such consent being made before them.

The parties also may waive by their acts any further writing than the entry on the minutes of the referee, if more were otherwise necessary.

*New York Special Term, October* 1852. The parties by consent duly entered, referred this action to two referees; the referees found in an early stage of the proceeding that they probably would not agree, and proposed to the parties the addition of a third referee. To this the attorneys assented, and Mr. Hoffman was mutually agreed on; being suggested by Mr. Poisson, whom the defendant's attorney had at first proposed, and then proposed by the defendant's attorney himself. At the same time the referees entered in their minutes, " at this stage of the proceedings Mr. Edward Hoffman was added as a third referee by consent." After this Mr. Hoffman continued to act without any objection to him; he joined with another referee in a report against the defendant; the defendant obtained time to make a case to set aside that report on the merits, and made a case accordingly. After the case had been more than once noticed for hearing on the merits, the defendant first started the objection that Mr. Hoffman was not regularly appointed, because the parties had not signed the consent.

MITCHELL, Justice.—It is enough under the Code (§ 270), if the appointment of referees be made on the written consent of the parties; this may be written by them or by their attorney, or the clerk of the court entering their consent in the minutes of the court, or the referees, who stand in the place of the court, entering it on their minutes. This last was done here and was sufficient. The parties also might by their acts waive any further writing than such as existed on the minutes of the referee, if more were otherwise necessary, as they may waive a trial by twelve jurors by allowing eleven, or any less number, to act without objection. The subject is so well treated in Keator agt. Ulster and Delaware Plank Road Co. (7 *How. Pr. R.* 41), that a reference only to that case is necessary.

Good faith required that the defendant should never have raised the objection, and that he should have immediately supplied any defect in form in the appointment, if there was any. It is proper, therefore, that he should pay the costs of both motions.

The motion to set aside report of referees is denied with $10 costs; and the motion that the name of Mr. Hoffman be entered as one of the referees, as of the day when the consent was first given, is also granted with $10 costs to the plaintiff.