Schermerhorn agt. Van Alen.

# SUPREME COURT.

## CORNELIUS P. SCHERMERHORN agt. ABRAHAM I. VAN ALEN.

When a new trial is granted upon an appeal from a judgment founded on the *report of a referee*, the cause should be *retried* before a *new referee*. (*This is adverse to the practice heretofore.*)

So far as it is practicable, it is better that the *same judge*, though he decides nothing but questions of law, and his errors are more easily corrected than those of a jury, or referee, when deciding questions of fact merely, should not set in review of his own decisions.

No party should be required to enter upon the trial of an issue under the consciousness that, besides establishing his side of the issue, he has the preconceived opinions of the tribunal before whom he appears, to encounter

*Albany Special Term, Dec.,* 1854.

MOTION to substitute referee.

The action was brought to recover for services rendered by the plaintiff for the defendant, as an attorney and counsellor at law. Various issues of fact having been joined in the action, it was referred to David S. Cowles, Esq., as sole referee, to hear and determine the same. The cause was tried before the referee, who reported in favor of the plaintiff. The judgment upon the report was reversed upon appeal, and a new trial awarded. The plaintiff moved that another referee be substituted in the place of Mr. Cowles.

JOHN H. REYNOLDS, *for plaintiff.*
GEO. W. BULKLEY, *for defendant.*

HARRIS, Justice. The referee, it is conceded, possesses all the requisite qualifications for an intelligent discharge of the duties of the office. But were the issue to be tried at the circuit, however well qualified he might be in other respects, the referee, if called as a juror, would be set aside, on the ground that he had heard the proofs in the case, and had not only

Schermerhorn agt. Van Alen.

formed, but had expressed an opinion upon the very questions to be tried.

I am aware that this objection has not been regarded as tenable when made against a referee. But I have never been able to see any good ground for the distinction. It is true, that the referee takes the place of a court as well as a jury. This, instead of being a ground for requiring the referee, after having prejudged the case, again to hear and determine the facts, furnishes an additional reason why he should not be continued. So far as it is practicable, all agree that it is better that the same judge, though he decides nothing but questions of law, and his errors are more easily corrected than those of a jury or referee, when deciding questions of fact merely, should not set in review of his own decisions. Every experienced lawyer knows that when he enters upon the retrial of a cause before a tribunal that has already pronounced a decision in his favor, upon the same questions, he starts with a decided advantage. His adversary also feels that he has not only to sustain his case, but has also to overcome the impressions made upon the mind of the tribunal by what has already transpired in the cause. This ought not to be so. No party should be required to enter upon the trial of an issue under the consciousness that, besides establishing his side of the issue, he has the preconceived opinions of the tribunal before whom he appears, to encounter. On the contrary, he should be permitted to feel that he stands upon an equality with his adversary, before a tribunal as ready to decide every question in his favor as against him. Such cannot always be the case where a retrial is had before the same referee.

This question derives increased importance from the fact that, in the present state of the practice, so large a proportion of the suits, in which issues are joined, are tried before referees. I am convinced, from my own experience and observation, that the ends of justice will be better promoted by allowing either party, if he desires it, when a new trial is granted upon an appeal from a judgment founded on the report of a referee, to have the cause tried before a new referee.

Wolf agt. H——.

Entertaining these views, I shall in this, and in similar cases where the question is referred to the exercise of my own judgment, direct that the new trial be had before a new referee.

No costs should be allowed upon the motion to either party.