## SUPREME COURT.

### JAMES BILLINGS agt. ANDREW A. VANDERBREK.

In a case where the parties have referred their cause to a referee by a *written con-*
*sent*, (the cause not being referable otherwise,) *it seems* that if the court have the
power, they ought not to exercise it, of substituting a *new referee* without the
*same consent* of the parties; unless, perhaps, in a case where the decision of the
referee is reversed on questions of *fact* merely, and which facts will again have
to be decided by him on a re-trial.

Where the decision of a referee is reversed entirely on questions of *law*, he has,
on a re-trial merely to conform to the law of the case as declared by the court;
and whether the facts are changed or not changed, and he has found no opin-
ion that will interfere with his fair and impartial finding thereon as *res nova*,
there is no ground for substituting a new referee.

But if the decision of the referee has been reversed alone upon the *facts*—if the
new trial has been granted because his finding was against the weight of evi-
dence, and a re-trial would call upon him to pass again upon the same evi-
dence, and upon the same questions or points—it is proper to send the case to
a new referee.

A referee should not allow any unfair advantages to be taken by one party over
his adversary, or lend himself to either party.

In this case, *held*, that the decision of the referee in adjourning the cause, to give
the defendant's attorney time to give the requisite notice for the examination
of the defendant as a witness, was eminently proper under the circum-
stances, and did not afford any good ground of complaint or exception to the
plaintiff.

Billings agt. Vanderbrek.

It is too late for a party to make application to change the referee after he has given notice and proceeded to the re-trial of the case on his part, before the referee.

*Monroe Special Term, November,* 1857.

MOTION to substitute referee. The action is brought upon a written contract for the sale of goods and chattels. The goods were tendered in pursuance of the contract, but were not delivered, and the action was to recover the value of the goods. The case was tried before a referee, who made a report in favor of the defendant, which, on appeal, was set aside by the court, upon technical grounds, and a new trial granted. The affidavits on this motion, show that the plaintiff's attorney applied to the referee to fix the time for the re-trial on the 9th of November instant, and the same was fixed for the 19th of the same month, and notice of trial, and also notice that plaintiff would be examined as a witness on his own behalf, served on the same day, at about 5 o'clock P.M., at Rochester. That the plaintiff's attorney immediately thereafter, left in the cars for Clarkson, his place of residence, eighteen miles from Rochester. That the defendant's attorney applied the next day, the 20th, to the plaintiff's attorney to receive cross notice of the examination of the defendant, as a witness in his own behalf, which was declined. That the parties appeared before the referee on the 19th, and the plaintiff's attorney moved on the trial of the cause, whereupon the defendant's attorney moved to adjourn the cause on affidavits of the facts, so as to give him time to give due notice of the examination of the defendant as a witness on such trial. That the referee granted such motion or decided to do so, upon which the plaintiff's attorney immediately countermanded the notice of trial, and soon after prepared and served the papers for this motion.

S. B. JEWETT, *for plaintiff.*

J. R. REQUA, *for defendant.*

By the court—E. DARWIN SMITH, Justice. This action was

not referable under the statute, without the written consent ot the parties. The affidavits show that it was referred upon such consent, and to a referee named by the plaintiff's attorney. In such a case, where the parties have practically selected their own tribunal, if the court has the power, I think it ought not to exercise it, of substituting a new referee without the *same consent* of the parties. But aside from this consideration, I do not think there is anything in this case to warrant any change of the referee by the court. By reference to the case reported in 23 *Barb.* 546, it does not appear that there was any particular dispute before the referee on the facts, and if it were otherwise, the finding on the facts by the referee, seems to have been in favor of the plaintiff, and according to the allegations of his complaint. The referee found against the plaintiff upon the *law*. And the court has granted a new trial on the ground that the referee erred in matters of law.

The referee on the re-trial, has merely to conform to the law of the case as declared by the court; and if the facts are changed, I do not see that he has formed any opinion that will interfere at all with his fair and impartial finding thereon as *res nova.* If the decision of the referee had been reversed upon the *facts*— if the new trial had been granted because his finding was against the weight of the evidence, and a re-trial would call upon him to pass again upon the same evidence and upon the same question or points—I should think proper to send the case to a new referee, and so far I concur in the decision of *Schemerhorn* agt. *Van Allen*, (13 *Howard*, 82.) So far as the referee on the trial of a cause stands in the place of the jury, I do not see why he is not obnoxious to the same objection on the score of bias or prepossession, which could be urged against a juror on the second trial of the same cause. The fact that a juror had once heard the evidence and had formed an opinion upon the merits of the case in this way, would be a good ground of principal challenge to a juror. And when a case is to be re-tried upon the merits and upon the same evidence adduced before, and the referee is committed in opinion upon such evidence, the case should go to a new referee. But I do not think

this objection a good one where the referee is overruled merely upon the law, and the decision of that question involves no prejudice or bias upon the facts of the case. On questions of law, judges and referees make frequent mistakes, and the more experience they have in judicial proceedings, the more conscious they are of their liability to error, and the more ready they are to mistrust their first impressions and take a pleasure in correcting the error. There doubtless is much diversity of character among referees, as among judges, in respect to the pertinacity with which they adhere to opinions once formed ; but whatever may be the private opinion of a referee upon the *law* of a case, every member of the bar of sufficient standing to be designated a referee, will, I trust, so far respect himself and the court, and knows too well his duty, not faithfully to conform to its decisions on the trial of any cause which may be referred to him. Judges more or less, at every circuit held by them, try over causes where they have been overruled upon the law by the court of appeals or their brethren, and it would be quite extraordinary if a judge did not, in such a case, try it upon the law as thus settled, as fairly as any other judge ; and so I think it ought to be with referees ; and I cannot think it will be otherwise with the learned referee to whom this cause stands referred.

The decision of the referee in this case, in adjourning the cause to give the defendant's attorney time to give the requisite notice for the examination of the defendant as a witness, affords no ground of complaint or exception to the plaintiff. His decision was eminently proper under the circumstances. A referee should not allow any unfair advantage to be taken by one party over his adversary, or lend himself to either party. By the course of the plaintiff's attorney, in giving the notice of trial, and notice of the examination of his client as a witness at the latest period for such notice, and at such a time and manner as to preclude the defendant from giving cross notice to the like effect, the plaintiff would have had an unconscientious and unfair advantage, if he referee had gone on to trial on the 19th of November. The

law allows the parties to be witnesses for themselves, and it is the duty of courts and referees, to administer and carry out its provisions fairly. The defendant's attorney could have no reason to have given this notice till the cause was noticed for trial, and he was apprised that the plaintiff proposed to offer himself as a witness in his own behalf; and if he acted with diligence upon receiving such notice, he ought not to be forced to trial till he could have time to give the proper notice to comply with the statute. Upon the whole, I can see no ground for changing the referee, and on conferring with my brother, STRONG, who examined the case more particularly, and wrote the opinion of the court, when the case was before the general term, he concurs with me in the opinion that there is nothing in the case to warrant such a change. But if the plaintiff desired to change the referee, this application should have been made before noticing, and proceeding to the re-trial of the case on his part. The motion is denied, with $7 costs.