# SUPREME COURT.

## · ANDREW F. WATERMAN agt. EMILY J. WATERMAN.

The *written consent* required by section 270 of the Code to refer an action for divorce,
is sufficiently made; and the statute complied with, where an *order of reference* is
drawn by the attorney for one of the parties and submitted to and approved by
the attorney of the other party, reciting as follows:
" Upon the consent of the attorneys for each of the above parties given in open
court, it is ordered that this action be and the same is hereby referred " &c.*
The Code does not allow of a reference, in an action of divorce or any other
referable action, to take the evidence and report it to the court with the opinion of
the referee merely ; nor of any reference except for a trial of the issue in a case
where an issue has been joined in the action.

*Tioga Special Term, March,* 1868.
MOTION to set aside order of reference and report of
referee.

HENRY BENNETT, *for motion.*
JENKS & MATTERSON *opposed.*

PARKER, J.   This action was brought for a divorce on the
ground of the defendants adultery; the answer admits the
marriage alleged in the complaint, but denies the adultery
charged, and as an affimative defense sets up an alleged judg-
ment of this court in a former action brought by this defen-
dant against this plaintiff, divorcing her from him on the
ground of his adultery.

At the Chenango Special Term on the 16th of July, 1867,
an order of reference in the present action was made, of

---

*NOTE.—If this were an open question, it might not be difficult perhaps to sustain
an opposite opinion from this and the other decisions sustaining it.   Section 270 pro-
vides that "all or any of the issues in the action, whether of fact or of law, or both
may be referred, upon the *written consent* of the parties."

Now there is an oral consent and a written consent; the latter consent is made by
the statute, the basis or foundation of an order of reference—no order of reference

which. the following is a copy. " This action being upon the special term calender and called in its regular order, upon the consent of the attorneys for each of the above parties given in open court it is ordered that this action be and the same is hereby referred to Wm. W. Mason, Esq., sole referee, to hear and decide the same; "·a trial was had before the referee and he made his report finding as a fact " that that the defendant was not the wife of the plaintiff at the time of the commencement of this suit, and as a conclusion of law "that the defendant is entitled to judgment dismissing the plaintiff's complaint in this action with costs;" upon this report the defendants' attorneys entered up judgment without application to the court. The plaintiff thereupon moved the court at the Otsego Special term, held on the 16th of January, 1868, to set aside the judgment entered in this action by the defendants' attorneys, and the report of the referee and all proceedings subsequent to the report and for such further order as this court shall deem proper in the premises.

The court upon this motion ordered the judgment and all subsequent proceedings set aside, and that the decision "be without prejudice to a motion on the part of the plaintiff to modify the order of reference in this action."

At the Madison Special term held on the 3d day of February .1868, the defendant moved the court for judgment upon the report of the referee, and the plaintiff made a cross

can properly be made without it. An oral consent is such an one as was made in this case, as the order recites it as given by the attorneys for each of the parties in *open court.* The important question therefore is, does the *recital* of this oral consent in the order of reference, constitute it a written consent within the meaning of the statute? It would seem that the answer to this question is almost too plain for argument; for the recital of the consent forms no part of the order of reference, but is recited as the foundation for the order, and the order must follow it in terms. The recital of the consent in the order cannot change the character of that consent, whether oral or written, therefore, the statute, as we suppose, contemplates that the written consent be filed with the clerk of the court as the foundation of the order of reference.

If any more potent argument were needed to sustain these views it is only necessary to refer to this case, where—the consent being oral—one of the attorneys al-

Waterman agt. Waterman.

motion to set aside the report of the referee and for judgment in favor of the plaintiff, or for a further reference hearing and report or such other order as may be just and proper. Upon these motions the court made an order that the plaintiff's motion be denied; that the report of the referee be confirmed and directing judgment in favor of the defendant upon and in conformity with the report. The plaintiff having obtained an order staying defendants entry of judgment now comes to the court with a motion to set aside the order of reference and all subsequent proceedings on the ground that it is such an order as could not be entered or made, without a written consent of the parties or their attorneys and that no such written consent was given or for an order modifying said order of reference, so as to require said referee merely to take the evidence and report the same to the court with his opinion thereon, also to set aside the report of the referee on the ground that it does not determine all or any of the issues made by the pleadings and for such other and further order as may be proper.

The affidavits in behalf of the motion show that neither the plaintiff nor his attorney nor counsel ever signed any written consent to refer the cause. The affidavit of one of the defendants' attorneys shows that there was a parol agreement between himself and the attorney and counsel of the plaintiff to refer the cause to Mr. Mason. That he thereupon drew the order as entered and submitted it to both this attorney and counsel of plaintiff who expressed themselves satisfied with it, and thereupon in open court he moved for leave to enter the order in the presence of plain-

leges that it contained certain terms and conditions, and the order entered did not express those terms; the other attorney denies this allegation and alleges the order to be correct; but unfortunately there is no written consent to refer to to settle the dispute—hence this motion—Had there been a written consent drawn expressing the precise terms of the reference, and signed by the respective attorneys or acknowledged by them in open court, which would probably be equivalent to signing, and filed or entered with the clerk, this motion never would have been heard of. We state these views (as we always intend to do, whether so expressed or not) with the utmost respect and deference to the decisions of the court—REP.

tiff's attorney and counsel, stating that it was assented to by them, and leave was granted by the court and the order entered. This statement is corroborated by the affidavits of both the attorney and counsel of the plaintiff, except that they insist that the arrangement was to refer the cause to Mr. Mason to take and report the evidence with his opinion, and that when the order was drawn and submitted to them, they stated that they understood the law to be that in divorce cases no referee could decide the issues and that defendants attorney stated that he so understood it, and they therefore forbore to object to the form of the notice. Defendant's attorney denies that the agreement was to refer the cause to the referee to take and report proofs with his opinion, but says that he refused to consent to any reference, except one to hear and decide the issues, and denies that when he submitted the order to said attorney and counsel, it was said by either of them or assented to by him, that the referee could not decide the issues.

The plaintiff's counsel insists upon his right to set aside the order of reference, on the ground that the proceeding in this court for a divorce is a statutory proceeding and therefore that every requirement of the statute must be fully complied with, so that when the Code (§ 270), provides that " all or any of the issues in the action whether of fact or of law, or both, may be referred upon the written consent of the parties; " a reference in a divorce case without such written consent is wholly unauthorized and void—that the question is a jurisdictional one and may be raised at any time, and that the express or implied assent of the plaintiff to the order entered, does not estop him from now repudiating it and moving to set it aside. The learned counsel goes further and insists that no reference to decide the issues in a divorce case can be made, because the power to grant divorces is confided by statute to the court and cannot be delegated by it to a referee, and that even a consent in

any form to a reference in such cases is not available to legalize such reference.

It is true that the authority of this court to grant divorces is derived from the statute. The title in the Revised Statutes which confers the authority, very plainly contemplates that such authority shall be exercised by the ordinary proceedings in a chancery suit, except when it makes specific provisions to the contrary, (2 *R. S.* 142, 149 1*st Ed.*) It does provide that in actions for divorce on the ground of adultery "if the offense charged be denied the court shall direct a feigned issue to be made up for the trial of the facts contested by the pleadings by a jury (2 *R. S.* 145, § 40 1*st Ed.*)

Under the Code, the requirement that the facts contested by the pleadings shall be tried by a jury is modified by § 253 as follows, " an issue of fact in an action for a divorce from the marriage contract on the ground of adultery, must be tried by a jury, unless a jury trial be waived as provided in section 266, or a reference be ordered as provided by sections 270, 271." Here is a clear authority to dispense with a jury trial and substitute a trial by the court or referee under the circumstances mentioned, and the only question in this case is whether the reference was ordered as provided in section 270; for it is not pretended that it was ordered under section 271; section 270 as we have already seen provides for a reference to try any or all of the issues in the action upon the written consent of the parties. Was this reference made upon such written consent? There was no stipulation or consent subscribed by the parties authorizing it. Was such consent so evidenced indispensable? Undoubtedly the attorneys of the parties might act for them in this particular as in others in conducting the action and defense, and I do not understand the plaintiff's counsel as insisting upon so strict a construction of the terms, "written consent of the parties" as would preclude such action of their attorneys.

But does the section require the written consent to be subscribed by the parties or their attorney's? There is nothing in its language making such signature indispensable? It must be in writing, but that does not necessarily imply that it is to be either signed or subscribed.

In this case, the order of reference which was drawn by the defendant's attorney and submitted to and approved by the plaintiff's attorney, in terms expresses the consent of the attorneys of both parties to the reference, as follows—" upon the consent of the attorneys for each of the above parties given in open court, it is ordered that this action be and the same is hereby referred &c." There is no doubt of the fact that the consent of the attorneys to the order of reference entered was given in open court, and that such consent was written out in the order thus drawn by the defendant's attorney and copied by the clerk into the minutes of the court. I think this was a sufficient written consent of the parties to authorize the reference and make it valid. The requirement of the note or memorandum in writing of a contract signed by the parties to be charged by such contract contained in the former statute of frauds, was held to be satisfied if such memorandum stating the names of the parties to the contract and its terms, was written by a broker in his book in the presence of the party sought to be charged although such party did not subscribe or otherwise sign the memorandum, (12 *J. R.*, 102, 14 *id.* 484), and so here the consent of both parties to a reference put in writing first by the defendant's attorney and assented to by the plaintiff's attorney and then entered by the clerk in his minutes by the consent of both parties in open court, is a full compliance with the requirement of "written consent of parties" contained in § 270. I do not see how this could be denied if there were no direct authority for so holding. But the question has been directly decided in this court. That this is an action of divorce does not change the rule of construction as applicable to this statute. The phrase

"consent in writing," has the same force in the statute whether used in reference to proceedings in an action for divorce or any other action. In regard to all the actions referable under § 270 the question, 'what is the consent in writing required, is the same, and a judicial construction of the meaning of the terms in that section, given in one action, is applicable to all actions referable thereby.— In the case of *Leaycroft* agt. *Fowler* (7 *How.*, 259) not an action for divorce, it was decided that the written consent to refer, required by this section, may be written by the parties or by their attorneys or by the clerk of the court entering their consent in the minutes of the court, or the referees entering it in their minutes.

In the *People* agt. *McGinnis*, (1 *Parker Cr. R.*, 387,) the question came up at general term in the 7th district, whether an action of divorce is referable, and if referable, whether a valid reference can be made in such action without the parties or their attorneys subscribing a written consent thereto, and it was held that sections 259 and 270, authorize a reference in such actions, and that it is not necessary that the parties or their attorneys subscribe a written consent thereto, but that it is sufficient if an order of reference is entered with this assent in open court such entry being their " written consent to the reference." This does not conflict with *Diddel* agt. *Diddel*, (3 *Abbott's R.*, 167), that merely holds a written consent necessary, and as no evidence of such consent was presented with the report of the referee on motion for judgment, the court held the reference irregular and refused judgment on the report, the mere order of reference is not of course a written consent, but when in fact assented to as drawn by both parties and entered by consent of both parties in open court as in this case, I have no doubt of its sufficiency.

Without discussing the question whether in this action the written consent might or might not be waived by appearing before the referee and participating in the trial, it

is sufficient to say that the written consent required by § 270, was had, and that the reference was valid and no ground appears for setting the order aside.

The motion of the plaintiff also asks for a modification of the order of reference so as to make it an order that the referee take the evidence and report it to the court with his opinion thereon.

Granting to the plaintiff all that is claimed in respect to the understanding of his attorneys and counsel, that the reference could be allowed only to the extent to which they now seek to restrict it; there are two answers to this part of the motion which it seems to me require its denial.

In the first place the practice established by the Code does not allow of a reference to take the evidence and report it to the court with the opinion of the referee merely, nor of any reference except for a trial of the issue in a case where an issue has been joined in the action. It is a part of the system inaugurated by the present constitution, (art 6 sec. 10) that the former practice in equity suits by which evidence was taken before an examiner and not in the presence of the tribunal deciding the issues should be done away, and it is only in cases where no issue has been joined or where some interlocutory question is involved, that a reference to take and report evidence is now allowable. (Code § 271, 246).

In the second place the plaintiff has already had all the advantage which he could have had if the proceeding had been precisely as he, by this branch of his motion seeks to make it. Both parties have introduced all the evidence which they desired before the referee and it was taken down by him. This evidence has been reported to the court with the referee's opinion thereon, and upon this report the court has pronounced judgment in favor of the defendant. I can see no advantage which the plaintiff would have had, if the referee had been proceeding under such an order as the plaintiff's attorney considered this in effect to be, which he

has not already had in the case. This results from the practice which in actions of this kind makes the findings of the referee equivalent merely to the verdict of a jury, upon the issues submitted to them and requires the judgment of the court notwithstanding such findings and verdict upon the whole case. The motion to modify the order of reference, manifestly cannot be, and ought not to be granted. As to the residue of the plaintiff's motion, which is to set aside the report of the referee on the ground that it does not determine all or any of the issues made by the pleadings. This question was before the court upon the plaintiff's cross motion made at the Madison special term, and cannot here be reviewed or considered. If the plaintiff has suffered from any errors of the referee or the court I see no way of correcting such errors but by an appeal to the general term.

The plaintiff's motion must be denied with $10 costs of this motion to be paid by him to the defendant.