# SUPREME COURT.

WILLIAM TIFFANY, appellant, agt. HEZEKIAH B. LORD, respondent.

The *retainer of counsel* to make a motion in the cause, is sufficient authority from his client to *consent to a reference* of the action, although it be one of *tort.* He has authority to enter into such stipulations and agreements in reference to the proceedings in which he was retained as counsel usually make, and such as the court may require to be made and entered into as conditions of granting relief, and such agreements and stipulations bind the client.

An order of the general term of the supreme court reversing an order of the special term, setting aside an order of reference (in an action of *tort*), is not appealable to the court of appeals.

*Oswego General Term, October,* 1870.

THIS was an appeal by the plaintiff, from an order of the special term, setting aside an order of reference by consent, in the action—which was one for a *tort.*

A. PERRY, *counsel, and* WILLIAM TIFFANY, *in person.*
C. T. RICHARDSON, *and* T. C. CRONIN, *counsel for respondent.*

*By the court,* MULLIN, P. J.—When the motion to change the place of trial was made, the court informed the counsel that it was for the interest of the parties that the cause be referred, and unless the defendant consented to a reference the motion would be denied. Thereupon the counsel having charge of the motion on the part of the defendant assented to the reference, and it was ordered accordingly.

It is now claimed that he had no authority from the defendant to consent to a reference, and that it was therefore irregular and unauthorized.

It may be there was no express authority given, but no· authority was necessary except the retainer of the counsel to make the motion. He was thereby clothed with authority to enter into such stipulations and agreements in reference to the proceedings in which he was retained as counsel usually make, and such as the court may require to be made and entered into as conditions of granting relief, and such agreements and stipulations bind the client.

The consent to refer was entered into in open court, and such consents are generally conclusively binding on the parties.

It is not claimed that there was a violation of instructions and breach of duty by the counsel who represented the defendant. The only ground for relief is the want of authority, and that ought not to be permitted to affect the order of reference.

If the consent of counsel may be got rid of in this case because counsel was not expressly authorized to give it, a precedent will be set most mischievous in its results—every act of counsel will be assailed unless approved, and 'all reliance upon stipulations and agreements will be at an end, and the courts overwhelmed with motions to be relieved from the acts of counsel when found not to be advantageous to the client.

Were it not for the mischief that might result from affirming this order, I would be in favor of thus disposing of it, but the precedent is a dangerous one, and I am in favor of reversing the order of the special term with $10 costs.

Order reversed with $10 costs.

On appeal to the court of appeals, the order was held not to be appealable, and the order of the general term was the final order. Judge MORGAN's special term order, vacating the order at the circuit, was reversed, though it was in his discretion. (*See* 40 *How.*, 335, *in the Court of Appeals.*)

A judgment having been obtained by *default* before the

referee, the defendant moved to open it at special term, and Justice MORGAN granted the motion, and vacated his order of reference, made at the circuit, for the second time.

The plaintiff appealed, and on argument at the March general term, held at Rochester in 1871, the general term *affirmed* Judge MORGAN's second order, and thus the *compulsory order of reference* was finally vacated.