LENNON *v.* SMITH *et al.*

(*Common Pleas of New York City and County, Special Term.*   March 15, 1892.)

REFERENCE—STIPULATION—NEW TRIAL—APPOINTMENT OF ANOTHER REFEREE.

Code Civil Proc. § 1011, provides that where a referee was appointed by consent, and a new trial is granted, the court must appoint another referee, unless the stipulation expressly provides otherwise.   *Held,* that a consent to a reference, given in open court, and embodied in the original order, is the equivalent of the written stipulation contemplated by said section; and, such consent being silent in the respect mentioned, the granting of a new trial necessitated the appointment of a new referee on the application of either party.

Action by Michael Lennon against Mary F. C. Smith and others.   Plaintiff moves to place the cause on the equity calendar for trial.   Motion denied. For former report, see 1 N. Y. Supp. 97; 27 N. E. Rep. 243.

*Isaac Kugelman* and *Edward T. Wood*, for plaintiff.   *Mathews & Smith*, for defendants.

GIEGERICH, J.   This action was brought to foreclose a mechanic's lien, and by consent of the parties in open court it was sent to a referee for trial. The cause was tried before the referee agreed upon, who reported in favor of the defendant Smith, and judgment was entered in her favor.   The plaintiff appealed from that judgment, and the general term affirmed it.   1 N. Y. Supp. 97.   An appeal from the judgment entered upon the order affirming the judgment entered on the report of the referee was then taken to the court of appeals, and the judgment was reversed, and a new trial ordered, without specification or reservation as to the mode of trial.   27 N. E. Rep. 243.   The plaintiff now moves to place the cause upon the equity calendar of this court for trial, and this raises the question whether the simple reversal of the judgment on the report of a referee operates to vacate the order of reference.   In *Catlin* v. *Adirondack Co.*, 19 Hun, 389, 81 N. Y. 379, which arose prior to the amendment of 1879 to section 1011 of the Code of Civil Procedure, it was held that it stands unless provision is made to the contrary, or the order is vacated, upon motion, by the court at special term.   But section 1011 of the Code of Civil Procedure, as amended, provides that where the referee was appointed by consent, and a new trial is granted, the court must appoint another referee, unless the stipulation expressly provides otherwise.   *Carter* v. *Wallace*, 3 How. Pr. (N. S.) 354.   In the case at bar the consent to refer was made in open court, and it therefore has the same force and effect as if made in writing.   *Waterman* v. *Waterman*, 37 How. Pr. 36; *Leaycroft* v. *Fowler*, 7 How. Pr. 259; *Keator* v. *Plank-Road Co.*, Id. 41; 2 Rum. Pr. 342.   It is not claimed that the stipulation made between the parties, and embodied in the order of reference, contains any provision that the court shall not appoint another referee in case a new trial is granted; and, if the aforesaid provisions of the Code are applicable to this case, (and I assume that they do apply,) it follows that a new referee must be appointed upon application by either of the parties to the suit.   Previous to the amendment of the section of the Code above cited, it was, and still is, regarded as the established practice, whenever the judgment is reversed on a question of fact upon which a referee has

once passed, to grant a motion to send the retrial to a new referee, (Rum. Pr. 383; *Catlin* v. *Adirondack Co.*, 19 Hun, 389,) and, if the judgment of the referee is reversed on a question of law, it is not necessarily a ground for sending the case to a new referee upon a new trial, (*Billings* v. *Vanderek*, 15 How. Pr. 295,) except where the reference is by consent, although it is usual in such case to direct that the new trial be had before another referee; and that seems to be the better practice, (2 Rum. Pr. p. 383; *Schermerhorn* v. *Van Allen*, 13 How. Pr. 82.) The judgment of the referee, it seems, was reversed on a question of fact as well as of law, and, if these rules of practice were followed, this cause would be sent to a new referee for retrial, even though the original reference were treated as one not on consent. But under the authorities above cited I am of opinion that the consent given in open court and embodied in the original order must be construed as the equivalent of a written stipulation to refer within the meaning of section 1011 of the Code. Considering the phraseology of such section as a whole, the intention is manifest that a stipulation to refer, once given, shall remain operative, so far as prescribing the mode of trial is concerned, until the cause is finally disposed of. It binds the parties to trial by referee, instead of by the court or a jury. This is clear from the direction that the court must appoint another referee in the event of the ordering of a new trial of an action which had been tried by the referee originally named. For the reasons above stated the motion will therefore be denied, but without costs, and without prejudice to any motion to be made by either of the parties for the appointment of another referee.