BUTTERLY v. DEERING.

(Supreme Court, Appellate Division, Second Department. July 25, 1913.)

JURY (§ 28*)—RIGHT TO JURY TRIAL—WAIVER—REFERENCE—STIPULATION.

Where plaintiff moved for a reference to hear and determine issues, and defendant consented that a reference might be ordered, whereupon the motion was granted and a referee appointed, and a judgment rendered on the referee's report was reversed by the Appellate Division and a new trial granted, the court should order a retrial before the same or another referee, as provided by Code Civ. Proc. § 1011; plaintiff having no right, after such reversal, to the submission of issues to a jury.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 176–196; Dec. Dig. § 28.*]

Appeal from Special Term, Kings County.

Action by James N. Butterly against James A. Deering. From an order denying plaintiff's motion for trial of issues raised by the answer to a jury, he appeals. Affirmed.

See, also, 138 N. Y. Supp. 1109.

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

George W. Wingate, of Brooklyn, for appellant.

William N. Dykman, of Brooklyn, for respondent.

PER CURIAM. In this action the plaintiff moved for the appointment of a referee to hear and determine the issues. On the return day of the motion, the defendant appeared in court by counsel, who in open court consented to an order of reference. The court thereupon granted the motion and appointed a referee to hear and determine the issues. After a trial before the referee, judgment was entered in favor of the plaintiff. This judgment was reversed in this court and a new trial granted; a majority of the court being of opinion that the

judgment was against the weight of evidence. Butterly v. Deering, 152 App. Div. 777, 137 N. Y. Supp. 836. The order of reversal was silent as to the method of the new trial.

The plaintiff thereupon made a motion under section 967 of the Code of Civil Procedure for a trial before a jury of the separate issue as to whether the contract alleged in the complaint as having been made between the plaintiff and defendant, and upon which the plaintiff bases his right of recovery, was in fact made, and reserving the trial as to question of performance, which necessarily involved the examination of a long account. This motion was denied, and the plaintiff has appealed.

If section 1011 of the Code of Civil Procedure applies, then the order was made properly, as the court was without power to grant the motion. Brown v. Root Manufacturing Co., 148 N. Y. 294, 42 N. E. 720; Brooklyn Heights R. R. Co. v. Brooklyn City R. R. Co., 105 App. Div. 88, 93 N. Y. Supp. 849. It is true that in this case there was not a written stipulation for a reference signed by the respective counsel; but a consent made in open court has been held equivalent to the written stipulation referred to in section 1011 of the Code of Civil Procedure. Knowlton v. Atkins, 134 N. Y. 313, 31 N. E. 914; Lennon v. Smith (Com. Pl.) 18 N. Y. Supp. 213.

We do not feel at liberty to disregard the authorities just cited, and therefore we affirm the order appealed from, with $10 costs and disbursements, on the distinct ground that the court was without power to grant the motion, and not on the ground of discretion.