(174 App. Div. 86)

### CARNEY v. PENN REALTY CO.

(Supreme Court, Appellate Division, Second Department.   June 2, 1916.)

1. CORPORATIONS ⊙⇒398(3)—OFFICERS—AUTHORITY TO CONTRACT.

Where two officers of a corporation are the sole corporate owners of the corporation, they are not limited in control by a board of directors, which must necessarily be dummies.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1594; Dec. Dig. ⊙⇒398(3).]

2. NEW TRIAL ⊙⇒102(9)—NEWLY DISCOVERED EVIDENCE.

In an action against a corporation for personal services, where the referee failed to find that a conversation which plaintiff testified he had with the treasurer did not occur, but required that it be shown by a preponderance of evidence that the contract was made by the treasurer with the authority of the corporation, in view of the referee's denial of defendant's motion to dismiss, plaintiff was excusable in not before obtaining record evidence that the treasurer and his brother were the sole owners of the corporation, and newly discovered evidence to that effect was ground for a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 214; Dec. Dig. ⊙⇒102(9).]

Appeal from Special Term, Richmond County.

Action by Joseph P. Carney against the Penn Realty Company. From an order denying a motion for new trial, the plaintiff appeals. Order reversed, and new trial by referee granted.

The motion for a new trial was upon the ground of newly discovered evidence. The action was to recover for personal services claimed to have been rendered in superintending the remodeling of a building, known as the Richmond, into a modern apartment house. The defense was a denial of the special employment claimed. It was also asserted that the services were volunteered in order to induce defendant to give to plaintiff a contract for gas fixtures, also the agency for letting these apartments. The issues were referred to a referee, who reported in favor of defendant, which this court affirmed, 163 App. Div. 973, 148 N. Y. Supp. 1109. The motion for a new trial was based upon several affidavits of persons who deposed to plaintiff's services, also to what were claimed as admissions by defendant, and upon an autheticated copy of a joint affidavit on file in the Richmond county clerk's office, made by John C. Martin and Edwin K. Martin, consenting to a mortgage by the Penn Realty Company, to the effect that each affiant had 50 shares and together held all the capital stock of defendant corporation.

Argued before JENKS, P. J., and STAPLETON, MILLS, RICH, and PUTNAM, JJ.

Joseph P. Carney, in pro. per.
Bertram G. Eadie, of New Brighton (Guy O. Walser, of New Brighton, on the brief), for respondent.

PUTNAM, J. [1] The learned referee failed to find that the conversation which plaintiff swears he had with John C. Martin, since deceased, did not take place. In his decision he questioned the authority of John C. Martin, who was the corporate treasurer, to make such a contract. When the plaintiff rested, and a motion to dismiss

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was made on this ground, the referee denied it. But in his report he stated as the first and crucial question:

"Whether there was ever any agreement on the part of the corporation, or any authority to the defendant to employ him to do the acts which he claims to have done. There is no evidence that the treasurer was authorized to make such contract."

Again he required preponderance of proof that this contract, "not only was made by the treasurer, but was with the authority of the corporation." But this joint affidavit, now produced, shows the two brothers Martin to be the sole corporate owners of this corporation. As to each other, they occupied substantially the relation of partners. Goss & Co. v. Goss, No. 2, 147 App. Div. 698, 702, 132 N. Y. Supp. 76. Of course, such corporate owners and officers are not limited in control by a board of directors, which must necessarily be dummies. First Nat. Bank v. G. V. B. Min. Co. (C. C.) 89 Fed. 439; Cook on Corporations, §§ 663, 664.

[2] In view of the referee's denial of defendant's motion to dismiss, plaintiff was excusable in not before obtaining this record evidence of the corporate ownership. I therefore advise that the order be reversed, and the motion for a new trial grant d, costs to abide the event. But, as the issues have been referred by stipulation, such new trial must be by referee, rather than with a jury. Butterly v. Deering, 158 App. Div. 181, 142 N. Y. Supp. 1050.

The retrial of the issues will be referred to Hon. William D. Dickey, as official referee. All concur.