FEDERAL FUEL COMPANY, Plaintiff, *v.* SYLVANUS J. MACY and LOUIS DOUGHERTY, as Partners, etc., Defendants.

Supreme Court, Livingston County, August 5, 1927.

**Attorney and client — authority of attorney — consent to order of reference — attorney for one defendant authorized attorney for other to act at trial — consent by said attorney binding on said defendant — stipulation for reference, made in open court, is valid under Civil Practice Act, § 464 — order of reference will not be vacated — long account involved under Civil Practice Act, § 466.**

This is an application by one of the defendants to vacate an order of reference of the whole issues.   It appears that the two defendants were represented by separate attorneys and that the attorneys for the moving defendant requested the attorneys for the other defendant to act for them at the calendar call, and that upon the calendar call, the case having been moved for trial, said attorneys moved for reference in open court and consented to a reference of the whole issues which was granted by the court.   The attorneys for the moving defendant had general authority and had authority to consent to a reference and likewise they had authority to ask the attorneys for the other defendant to appear for them on the calendar call and to take such action as might be deemed necessary, and, therefore, the action of the attorneys in consenting to the reference is binding upon the moving defendant, and the order of reference will not be vacated.

A stipulation for a reference, made in open court, if properly authorized, is equivalent to a written stipulation required by section 464 of the Civil Practice Act.

Furthermore, it appears that the stipulation for the reference was not the result of fraud or collusion between the opposing attorneys or carelessly or improvidently made, and that the stipulation has been acted upon by the plaintiff in good faith who cannot be restored to his original position.   The result of the order of reference was to delay the trial at a time when the plaintiff was ready to go to trial.

*It seems,* that the trial of the issues will involve the examination of a long account, within the meaning of section 466 of the Civil Practice Act, and that the order of reference was proper without regard to the consent of the moving defendant.

MOTION by defendant Dougherty to vacate an order of reference.

*John Van Voorhis' Sons* [*John Van Voorhis* of counsel], for the motion.

*Charles D. Newton,* opposed.

RIPPEY, J. This action was brought to recover $9,603.05, the alleged balance due for twenty-five carloads of coke sold and delivered to defendants in January and February, 1926. An itemized statement of the shipments showing dates of shipment, order numbers, the varying carload prices, tonnage, etc., was attached to the complaint. The defendants appeared by different attorneys. Each defendant denied every material allegation of the complaint and thus made it necessary for plaintiff to prove every fact necessary for his recovery.

This case was upon the February, 1927, calendar, but was not tried. It was regularly upon the calendar for the term commencing June 13, 1927, and plaintiff was in a position to move the case for trial. Two weeks before the opening of the term he advised counsel for defendant Dougherty that the case must be disposed of at that term. When counsel for defendant Macy was so notified, he told Dougherty's counsel that the case would be moved by plaintiff at the opening of the term and that they (Dougherty's counsel) must be present at that time and look after Dougherty's interests. Notwithstanding such notices, no member of the firm representing Dougherty was then present as they had previously requested and specifically authorized one of Macy's counsel to appear for Dougherty in their behalf and to make such disposition as to trial of the case as the circumstances warranted. When the case was reached on the regular call of the calendar, plaintiff's counsel moved the case for trial. Macy's counsel were not ready and, acting for both Macy and Dougherty (for the latter under the authority given them by Dougherty's counsel), moved for a reference. To this plaintiff's counsel, after some delay and after procuring the consent of his client, consented and the court thereupon and on June 20, 1927, referred the case to a referee, chosen by the aforesaid respective counsel then appearing, to hear, try and determine. On the latter date Dougherty's attorneys of record were again not in court, but Macy's counsel represented them and consented, in open court, to the form of the order and to the reference and to the signing of the order by the court. The order was entered on June twentieth, and a copy was received by

Dougherty's attorneys on June 22, 1927.    After receipt of the order and on June twenty-second, Dougherty's attorneys wrote plaintiff's attorney that they did not consent to a reference and insisted upon a jury trial.

Dougherty moves to vacate the order of reference upon the ground that he did not consent to the reference and that the court was, on that account, without jurisdiction to grant the order.

He claims that the order was made under section 464 of the Civil Practice Act.    This section provides that the issues must be referred " upon the consent of the parties manifested by a written stipulation signed by their attorneys and filed with the clerk."    No such written stipulation was made and filed with the clerk.    But the stipulation made in open court, if properly authorized by Dougherty or his attorneys of record, is equivalent to the written stipulation required by this section.    (*Butterly* v. *Deering*, 158 App. Div. 181; affd., 210 N. Y. 551.)    Dougherty asserts that no one was authorized to waive his right to a jury trial and consent to a reference.    His attorneys' retainer was a general one and their authority and that of their associate counsel was such that they might, without his consent, make any stipulation or agreement during the progress of the action which they deemed necessary or expedient so long as it did not impair, compromise, surrender or destroy his defense or was not the result of fraud or collusion between them and his opponents.    (*Read* v. *French*, 28 N. Y. 285; *Levy, Simon & Co.* v. *Brown*, 56 Miss. 83; *Montrose* v. *Baggott*, 161 App. Div. 494; *Morris* v. *Press Pub. Co.*, 98 id. 143; *Ludeman* v. *Third Ave. R. R. Co.*, 72 id. 26.)    This authority extended to a waiver of trial by jury and to a consent to an order of reference. (Civ. Prac. Act, §§ 426, 464; *Smith* v. *Barnes*, 9 Misc. 368; *Tiffany* v. *Lord*, 40 How. Pr. 481; *Alexandria Canal Co.* v. *Swann*, 5 How. [U. S.] 83.)    Neither Dougherty nor his attorneys of record authorized Wheeler and Nobel in express terms to consent to a reference, but the general authority given them to do what was necessary upon the calendar call of the case was sufficient authority to stipulate a reference of the whole issue.    (*Tiffany* v. *Lord, supra.*)    The rule is well settled that counsel who have charge of a proceeding in an action has the same authority as the attorney of record to make any stipulation or do any act in relation to procedure which in his judgment will benefit the cause of his client.    (*Montrose* v. *Baggott, supra.*)    However, Wheeler and Nobel did nothing more than might properly have been done by the Van Voorhis clerk. The consent was the consent of Dougherty's attorneys of record for all purposes of this motion.    If that is not so, Dougherty is in the position of not appearing in court when the case was called

and plaintiff might urge that he waived trial by jury under subdivision 1 of section 426 of the Civil Practice Act.

The court will not set aside a stipulation made by an attorney or his associate at any time, least of all when acted upon by his opponent, unless the party acting upon it in good faith can be restored to his original position and unless the stipulation was the result of fraud or collusion between the opposing attorneys or carelessly or improvidently made. (*Morris* v. *Press Pub. Co.,* *supra; Ludeman* v. *Third Ave. R. R. Co., supra.*) There is no suggestion of fraud or collusion. Although William A. Wheeler appears for defendant Macy in the case at bar, John Van Voorhis' Sons, now separately appearing for Dougherty, represented Macy in other litigation and actively interested themselves in securing Macy's immunity from arrest under a contempt order made by this court in that litigation so that he might, if necessity arose, safely return to the State of New York for the purposes of a trial of this cause. An attempt was made by Macy's attorney herein to settle this action and Macy's consent to agreed terms of settlement was awaited at the time this cause was reached for trial. Such consent was not forthcoming when the danger of trial at the June term passed. Dougherty's attorneys advised plaintiff's attorney before the case was called in June that Dougherty was of at least doubtful financial responsibility and some discussion ensued to the effect that Macy should be the one to be required to satisfy plaintiff's claim. The interests of Macy and Dougherty in the case at bar are substantially identical, and Macy, financially responsible, not Dougherty, of questionable ability to satisfy a judgment if one is secured, will doubtless be required to pay in event of recovery. It was of importance to Macy to secure a postponement of the trial. This was accomplished by the reference. Relying upon the authority of counsel as he had a right to do, plaintiff's attorney permitted the opportunity to try his case to pass. The court was in session from June twenty-second (the date when the order was received by Dougherty's attorneys) until June twenty-ninth, during which time application might have been made to the court which granted the order to vacate it, and the case might have been tried at that term had the order been, for any reason, improperly granted. Under all the circumstances, it was the duty of Dougherty to act promptly if he had a *bona fide* ground of complaint and he should not now be heard in his attempt to secure further postponement of the trial through a repudiation of the authority of his counsel to consent to the order of reference.

However, it makes little difference in this case whether defendant Dougherty consented to the order. The trial of the issues will

involve the examination of a long account within the meaning of section 466 of the Civil Practice Act and will not involve the decision of difficult questions of law and the order of reference was proper without regard to whether Dougherty or his attorneys of record consented. (*Nicoll* v. *Haas*, 5 App. Div. 206; *Cochrane Carpet Co.* v. *Howells*, 86 Hun, 243; *Marcile* v. *Salztman*, 6 N. Y. St. Repr. 48.)

The motion should be denied, with ten dollars costs.