Louis J. Friedman, J.
Plaintiff moves for the entry of judgment in her favor, on the basis of a report and determination made by a Special Referee to whom the action was referred for determination. The action was brought by plaintiff for separation, and to set aside an authorization executed by her authorizing an attorney to appear for her in the courts of Mexico in an action for divorce brought therein by the defendant against her. The motion for judgment is resisted by the defendant on various grounds, including the claim that the Special Referee’s determination is not justified by the evidence which was submitted to him. Following the argument of the motion for the entry of judgment, defendant served a new motion, asking that the original order of reference and all proceedings had before the Special Referee, including his report, be vacated and set aside and that the action be restored to the Trial Term Calendar for trial before a Justice of this court. This attack upon the entire proceedings initiating the trial before the Special Referee as well as the trial itself and the report made thereupon, is based upon defendant’s contention that such order of reference and the proceeding following it, violated the mandate of section 465 of the Civil Practice Act and rule 281 of the Rules of Civil Practice, in that the Special Referee was one selected or agreed upon by the parties.
Section 465 of the Civil Practice Act provides as follows: “A reference shall not be made, of course, upon the consent of the parties, in an action to annul a marriage or for a divorce or a separation * * *. In a case specified in this section, where the parties consent to a reference, the court, in its discretion, may grant or refuse a reference; and, where a reference is granted, the court must designate the referee,” 'Rule 281 of *1032 the Rules of Civil Practice provides: ‘ ‘ In an action to annul a marriage or for divorce or separation the court shall not order a reference to a referee nominated by either party or agreed on by the parties ”.
The attack by the defendant upon the order of reference and his contention that the Special Referee was one designated or nominated or agreed upon or consented to by the parties, raises a question which must be disposed of before a disposition is made of the motion by the plaintiff for the entry of judgment.
By appellate court decision it has been held that the section and rule previously referred to have as their purpose, the obstruction of any effort on the part of the parties to collusively destroy the marriage relationship (Pratt v. Pratt, 2 App. Div. 534). It is readily apparent, that unless some restriction is placed upon the parties in this regard, such parties might very well collusively agree to have their matrimonial litigation submitted to some person, acting as a referee, and request that the court then enter judgment upon the basis of the findings of the person appointed by such collusive arrangement. This might lead to wholesale fraud upon the courts and it is for the purpose of avoiding such situations, that the act and the rule were promulgated.
But in the present case, the Special Referee was one designated by the Appellate Division of this department to hear matters which were referred to him by a Justice of this court. His designation was a general one, made as part of the appointment of terms of the court and assignment of justices and official referee, as well as special referees published by order of the Appellate Division in the latter part of each year for the following year. The designations are made by blanket order of the Appellate Division and by no stretch of the imagination may it be said that the Special Referee, so appointed under such order, is a Referee who is agreed upon or nominated by the parties. The language of section 465 of the Civil Practice Act, to the effect that a “ reference shall not be made, of course, upon the consent of the parties V must be read giving full meaning to the words ‘ ‘ of course. ’ ’ Those words do not restrict the court or a justice thereof from requesting the consent of parties to a matrimonial litigation, that their matter be heard and determined by the Special Referee.
In this action, a motion for temporary alimony came on for hearing on October 2, 1958. At that time, counsel for both parties indicated that they wanted an early disposition of the issues. At the suggestion of the court, rather than upon the agreement of counsel, it was stated that the Special Referee *1033 appointed by the Appellate Division in this department, could speedily determine the issues raised in the action itself, if such Special Referee was prepared and willing to undertake the matter, and if the parties would consent to have him dispose of such issues. In open court, counsel for both parties consented that the matter be referred to said Special Referee to hear and determine the same. The Special Referee, upon the matter being submitted to him, indicated that he required that the consent be embodied in a stipulation which could be filed in court, and acting upon such request by the Special Referee, such a stipulation was entered into on October 7, 1958. Thereafter, and on December 17, 1958, the parties entered into an additional stipulation providing that the question of counsel fees was also to be referred to said Special Referee, and on January 5, 1959, an order was made by this court which provided as follows: ‘ ‘ The attorneys for the respective parties hereto having on the said second day of October 1958 consented in open court to refer for trial all of the issues in the above entitled action to the Hon. Meier Stebstbriuk, Special Referee, to hear and determine * * * and the attorneys for the respective parties having further stipulated that in lieu of a motion by the plaintiff for allowance of counsel fees in this matter that question * * * be likewise referred to the said Special Referee to hear and determine. Now upon the annexed stipulations dated respectively October 17, 1958 and December 17,1958 * * * it is * * * Ordered”.
It appears without question that the Special Referee was not one selected or nominated by the parties but was one designated by the court. The fact that the parties consented to such reference is of no moment, since the only prohibition is that they shall not themselves select the person who is to make the determination (Willard v. Willard, 194 App. Div. 123). Any other conclusion would lead to an absurd result, because the court would suggest the referee, request the parties to consent to his designation, and then immediately upon receiving such consent, the said referee would automatically be barred and disqualified from hearing the matter, if defendant’s contentions herein asserted are to be followed. The admonition is against the selection of the referee, prior to the appearance of the parties in court, and it not against the consent of the parties to his designation after the court itself has made the selection. Nor is the fact of any consequence, that after the parties had openly in court orally consented to the reference, that they then entered into a formal stipulation. The stipulation in court was binding and the written stipulation thereafter entered into *1034 became an extraneous matter (Butterly v. Deering, 158 App. Div. 181, affd. 210 N. Y. 551; Federal Fuel Co. v. Macy, 130 Misc. 192) and under such circumstances the recital in the order of January 5, 1959, must be deemed irrelevant, especially when it appears in said order that the court considered the stipulations of consent which had been entered into in open court.
Under the circumstances, the court holds that the Special Referee had the power to hear the matter which was referred to him, that the order of reference was properly made and that the proceedings taken before the Special Referee as well as his report made thereupon may not be vacated by reason of failure of jurisdiction. The proceedings were legal in all respects. The motion made by the defendant to vacate is therefore in all respects denied.
Considering now the motion of the plaintiff to enter judgment, the report of the Special Referee seems to be amply justified. The contention of the defendant that the third party with whom the defendant entered into a marriage relationship after the Mexican divorce, is an indispensable party to this action is overruled. In Newburger v. Newburger (5 N Y 2d 953), our Court of Appeals held that a similar third party was not indispensable to the determination of the action before the court (see, also, Stange v. Stange, 17 Misc 2d 1028). Plaintiff’s motion for judgment is therefore in all respects granted.
Settle orders on notice.