## WEEKS *vs.* LYON.

A justice of the peace, after issue had been joined, adjourned the cause to the 20th of May. Subsequently, upon a written consent, signed by the counsel for the respective parties, the justice, in the absence of the parties and their attorneys and counsel, adjourned the cause to the 18th of May. *Held*, that the second adjournment was void.

And the defendant having appeared, before the justice, on the 18th of May, and requested a further adjournment, at the same time objecting to any proceedings being had in the cause, at that time, on the ground that the adjournment had not been made in court, nor when the justice was present; *Held*, that this was only a conditional waiver of the irregularity—a waiver on condition the cause should be adjourned until a time when the defendant should be prepared for trial—which condition not being granted, the waiver did not become absolute, nor binding upon the defendant.

In a suit by a principal against his agent, to recover money alleged to be due from him to the plaintiff, it is erroneous to receive in evidence a copy of a letter from the plaintiff to the defendant, demanding payment, without proving notice to the latter to produce the original.

APPEAL by the plaintiff from a judgment of the Westchester county court. The suit was commenced before a justice of the peace, and was brought against the defendant for money had and received as agent of the plaintiff. The justice rendered a judgment in favor of the plaintiff, and the defendant appealed to the county court. The grounds of appeal were as follows : 1. That the justice had no jurisdiction over the person of the defendant, as the case was adjourned to the day on which it was tried, in the absence of the justice, and not in his presence ; it having been previously legally adjourned to another and different day. 2. That the justice erred in not granting an adjournment. 3. That the judgment was contrary to, and not warranted by, the evidence. The county court reversed the judgment of the justice.

*F. Larkin,* for the appellant.

*Nelson & Coffin,* for the respondent.

Weeks *v.* Lyon.

*By the Court,* S. B. STRONG, J.   The justice, after the par-ties had pleaded, adjourned the cause to the 20th of May, and then left his office.   On returning, a short time afterwards, he found lying upon his desk a written consent that the cause should stand adjourned to the 18th of May, and there was added a request that the justice—" the absentee"—should " note the fact." The paper was signed by the counsel for the respective parties. The justice thereupon adjourned the cause to the 18th of May. This second adjournment, made, as it would seem, in the absence of the parties and their attorneys and counsel, was clearly void.

The irregularity, however, might have been waived, and a subsequent trial by the consent of the parties would then have been as valid as if they had joined issue without process.   The question is, whether the irregularity was waived, by the defendant. If he had proceeded to trial, that would have amounted to a waiver.   It has been frequently so decided, and very properly. It has also been decided that the appearance of a defendant for the mere purpose of objecting to an irregular proceeding, does not cure an irregular adjournment.   In this case the defendant appeared on the 18th of May, and requested a further adjournment, and, before his motion for an adjournment had been decided—but whether before it was made, does not appear—objected to any proceedings being had in the cause, as the adjournment had not been made in court, nor when the justice was present. It is apparent that the defendant was willing to waive the objection, if he could have an adjournment to a time when he should be prepared for trial ; otherwise not.   It was a conditional waiver ; and as the condition was not granted, it did not become absolute, nor binding upon the defendant.

It seems to me, too, that the justice erred in receiving in evidence a copy of the letter to the defendant, demanding payment, without proving a notice to him to produce the original.   The rule that the copy of a paper in the possession of the opposite party cannot be given in evidence without proof of notice to him to produce the original, is founded on the safe principle that the best evidence in the possession of the party offering it should be produced.   There are exceptions, such as notices of the pro-

test of bills of exchange and promissory notes, and notices in the progress of a cause, the service of which is ordinarily proved by affidavit. These exceptions result from something approaching very near to a necessity, and are productive of convenience ; and no great harm can, ordinarily, result from them. But neither the exceptions, nor the reasons for them, apply to the proof of a written demand for the payment of money, made upon a party, where the demand is a necessary preliminary to the maintenance of an action against him.

The justice decided erroneously in both of the particulars to which I have alluded. The county court was right in reversing his judgment, and the decision of the county court should be affirmed.

[KINGS GENERAL TERM, October 3, 1854. *Brown, T. R. Strong* and *Rockwell*, Justices.]