Henry G. Preston, Appellant, *v.* Thomas B. Morrow et al., Respondents.

Carrie G. Barnes, Respondent, *v.* Henry G. Preston, Impleaded, etc., Appellant.

A party to an action which is not referable without consent of the parties, by consenting to refer to a particular referee, does not waive his right to a trial by the court or a jury if for any reason the reference agreed upon falls through.

Upon the death, removal or refusal to act of the referee, the action is again in court for trial as if no reference had been consented to; and the court has not the right to order a new reference without consent of the parties.

(Argued June 13, 1876; decided June 20, 1876.)

Appeals from orders of the General Term of the Supreme Court in the third judicial department, affirming orders of Special Term referring said actions.

The actions were not referable without consent of parties. By consent of the attorneys of the respective parties an order was entered referring them to a referee named. After a partial hearing was had, the referee refused to act further. Whereupon motions were made for the appointment of another referee in his place, which were granted. Appellant's counsel appeared and opposed.

*J. E. Dewey* for the appellant. The order of reference being without consent and against the objection of appellant, was in violation of the statute. (Code, §§ 270–273.) A particular referee having been agreed upon, another could not be substituted in his place without consent. (Story on Bailm., § 428; Story on Agency, §§ 12–15; *Haner* v. *Bliss*, 7 How., 247; *Weeks* v. *Lyon*, 18 Barb., 530, 531; *Reynolds* v. *Douglas*, 12 Pet., 497, 505, 506; *Turner* v. *Burrows*, 1 Hill, 627; *Billings* v. *Vanderbrek*, 15 How., 296, 297; *Sharp* v. *Mayor*, etc., 31 Barb., 579, 589.) The appeal from the order of refer-

ence was proper. (Code, § 11, sub. 4; *Townsend* v. *Hendricks*, 40 How., 143; *Van Marter* v. *Hotchkiss*, 1 Keyes, 587; *Kain* v. *Delano*, 11 Abb. [N. S.], 29.)

*Henry Smith* for the respondent. The right to trial by jury having been waived by the consent to refer, could not be recovered. (*Embury* v. *Conner*, 3 N. Y., 518; 6 Hill, 47; 5 id., 468; 24 Wend., 337; 2 Alb. L. J., 384.)

ALLEN, J. These actions could not have been originally referred without the consent of the parties, for the reason that the trials thereof did not require the examination of a long account. (Code, § 271.) By consenting to refer to a particular referee, named in the consent and in the order, the parties did not waive the right to a trial either by the court or by a jury if, for any reason, the reference agreed upon should fall through. Upon the death, removal or refusal of the referee to act, the actions were again in the court for trial, as prescribed by law, as if no reference had been consented to. A waiver of a right for a special purpose or upon a stipulated condition, is not a general waiver of such right when such purpose has either been accomplished or failed, or the conditions have ceased to exist or are not complied with. The reasons why, if the power existed in the court to hold the party to his consent to refer to a person other than that agreed upon, it should not be exercised, are well stated in *Haner* v. *Bliss* (7 How., 246), *Billings* v. *Vanderbrek* 15 id., 295), *Sharp* v. *The Mayor, etc., of New York* (31 Barb., 579). If the court had the power to order a new reference, the first having fallen through, we cannot review the exercise of the discretion. We are of opinion, however, that the referee first agreed to and appointed not acting, and the reference therefore failing, the court had not the power to order a new reference without the consent of the parties.

The right to object to a reference was not waived by a consent upon conditions not complied with. (*Turner* v. *Burrows*, 1 Hill, 627; *Weeks* v *Lyon*, 18 Barb., 530; *Reynolds* v. *Douglass*, 12 Peters, 497.) The parties consented to a par-

ticular referee, and not to any referee the court might appoint.

Orders of the General Term and Special Term must be reversed and the motions denied.

All concur, except MILLER, J., dissenting.

Orders reversed, and ordered accordingly.