JOSEPH MASTEN, APPELLANT, v. H. JOSEPH BUDING-TON AS ADMINISTRATOR OF, ETC., OF HENRY J. BUDING-TON, DECEASED, RESPONDENT.

*Reference of a claim disputed by an administrator — the court may order a compulsory reference, where a new trial is granted at General Term — 2 R. S., 89, § 37.*

Where upon appeal to the General Term from a judgment entered upon the report of a referee, appointed under the provisions of the Revised Statutes to determine as to the validity of a claim against the estate of a deceased person, disputed by his administrator, the judgment is set aside and the order of reference vacated, the court at Special Term has power to refer the case to a new referee to hear and determine, even though the action be one in which a compulsory reference cannot ordinarily be ordered. (LEARNED, P. J., dissenting.)

APPEAL from an order made at a Circuit Court held at the city of Kingston, in and for Ulster county, directing a reference in this action.

The action was brought into the Supreme Court, under the provisions of the statutes relating to claims presented against the estates of deceased persons and disputed by the executor or administrator.

The claim of Masten, the plaintiff, was presented to the defendant, disputed by him, and on February 5, 1876, an agreement was made referring the claim to S. L. Stebbins, which was approved by the surrogate, and an order of reference was accordingly entered in

the office of the clerk of Ulster county. The cause was tried before the referee, who reported in favor of the plaintiff, and judgment was entered thereon, from which the defendant appealed to the General Term. The General Term reversed the judgment, ordered a new trial, with costs to abide the event, and discharged the reference. The action was not one in which a compulsory reference could be ordered under the provisions of the Code.

*J. Newton Fiero*, for the appellant.

*J. M. Cooper* and *A. Schoonmaker, Jr.*, for the respondent.

BOARDMAN, J. :

By section 37 of 2 Revised Statutes, 89, the referees agreed upon by the parties, and approved of by the surrogate, shall hear and decide the matter referred to them, and make their report to the Supreme Court. The proceedings shall be the same, the referees shall have the same powers and be subject to the same control as if the reference had been made in an action in which such court might, by law, direct a reference, and the court may set aside the report of the referees, *or appoint others* in their places, and the judgment of the court, thereupon, shall be valid and effectual in all respects, as if the same had been rendered in a suit commenced by the ordinary process.

The Supreme Court obtained jurisdiction of this case by virtue of the agreement of the parties selecting the referee, the approval thereof by the surrogate, the filing of the same with the clerk of the court, and the entry of a rule referring the matter in controversy to the person selected. The provisions of this statute make such reference compulsory under certain penalties. (*Gorham* v. *Ripley*, 16 How., 313.) After it is so referred it may be treated in the same manner as a case in which the court could direct a reference without consent. It is specially provided that upon setting aside the report of the referees, other referees may be appointed in their places. This court, on setting aside the judgment entered on the report of the referee, also set aside the order of reference to such referee. By virtue of the statute another referee could then have been named by this court, and the Special

Term possessed the same power. It has exercised it in naming a person who is free from any just objection. The purpose of the statute was to furnish a prompt and inexpensive mode of determining the validity of claims against estates of deceased persons. That mode contemplated the appointment of a referee or referees, and when necessary the substitution by the Supreme Court of others in their places as was done in this case.

I think the action of the learned judge at Special Term was in accordance with the language and the purpose of the statutes, and that his order should be affirmed, with ten dollars costs of appeal, together with printing expenses.

BOCKES, J., concurred.

LEARNED, P. J., dissenting:

I should be glad to take the view adopted by my brethren. But I cannot. In *Preston* v. *Morrow* (66 N. Y., 452), the Court of Appeals held that were an action is not referable, without consent of parties, a consent to refer to a particular referee did not waive the right to a trial by a court or jury, if the reference agreed upon fell through. The constitutional right to a trial by jury was waived, only in a qualified manner, by the consent to refer to a certain person designated. If the reference to that person failed, then the constitutional right was not waived.

So it seems to me that the court has, in this respect, no greater power in an action of this present kind, than it would have had, if the action had been commenced in the ordinary manner. The section of the statute (2 R. S. [m. p.], 89, § 37), giving the court power to appoint other referees, must be limited to those actions which may be referred without consent, and to cases where parties consent to a new referee, and must not be construed to deprive the parties of a right to a trial by jury when they have not waived it.

Order affirmed, with ten dollars costs, and printing disbursements.