WILLIAM L. MAY, APPELLANT, *v.* WILLIAM T. MOORE, JOHN H. TINGUE, FRANK CONOVER AND EVERETT HOUSE, RESPONDENTS.

*When the court must appoint a referee in place of one who refuses to serve — Code of Civil Procedure, § 1011, as amended by chap. 542 of 1879.*

Under section 1011 of the Code of Civil Procedure, as amended by chapter 542 of 1879, when the referee to whom the parties have agreed to refer the action refuses to serve, the court *must*, on the application of either party, appoint another referee unless the stipulation expressly provides otherwise.

APPEAL from an order made at a Special Term appointing a referee in place of one to whom the parties had agreed to refer the action but who had refused to serve.

*Samuel D. Adams*, for the appellant.

*Menzo Diefendorf*, for the respondents.

BRADY, J.:

This action was commenced to recover damages for the breach of a contract, in January, 1880. The cause having been on the

Circuit day calendar awaiting trial for some time, the attorneys for the respective parties entered into a stipulation to refer it to Willis S. Paine, Esq., who refused, however, to serve. In November, 1880, and after such refusal, on the motion of the defendant's attorney, an order was granted by which John E. Ward, Esq., was appointed referee in the place instead of Willis S. Paine, Esq., who had declined to act in that capacity.

Section 1011 of the Code of Civil Procedure provides that, except in certain cases mentioned in section 1012, the whole issue or any one of the issues in an action, either of fact or of law, must be referred upon the consent of the parties, manifested by a written stipulation signed by their attorneys and filed with the clerk ; and, further, that where the stipulation does not name the referee he may be designated by the court on the motion of either party. That section was amended in 1879 (see chap. 542, Laws of 1879), and the amendment provides that if the referee named in the stipulation refuses to serve the court *must* appoint another unless the stipulation expressly provides otherwise. There is no doubt that it was in consequence of the compulsory character of this provision that the referee was named by the learned judge presiding at the Special Term, where the motion was made. This legislation in effect declares that when a reference has been agreed upon if the referee named refuses to serve the court must appoint another, unless the stipulation expressly provides otherwise, and it is only necessary that one of the parties should initiate the movement to compel the result contemplated by the statute. The case referred to by the appellant of *Devlin* v. *The Mayor* (11 Weekly Dig., 116) is not analogous, because the referee died, and the case in the Court of Appeals to which reference is made, of *Preston* v. *Morrow* (66 N. Y., 452), has no application because that case was decided before the amendment of 1879, to which allusion has been made.

We regard the statute as imperative and for that reason the order appealed from must be affirmed, with ten dollars costs and the disbursements of the appeal.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.