LOUISA S. ADAMS, RESPONDENT, v. ANTHONY N. BRADY, AS ADMINISTRATOR, ETC., OF JAMES N. BRADY, DECEASED, APPELLANT.

*Disputed claim against a decedent's estate — reference by consent under the statute — waiver of a trial by jury.*

A reference under the statute (2 R. S., 88, 89, §§ 36 and 37), by consent, of a disputed claim against a decedent's estate, is a waiver of a trial by jury, and this is so although the consent is to a reference to a particular referee; and the controversy may thereafter be treated in the same manner as a case in which the court could direct a reference without consent, and the court may, upon setting aside the report of the referee, appoint another referee in his place.

APPEAL by the defendant, Anthony N. Brady, as administrator, etc., of James N. Brady, deceased, from an order of the Columbia County Special Term, entered in the office of the clerk of Albany county on the 10th day of October, 1892, setting aside the report of a referee on a reference by consent, under the statute, of a disputed claim against the said decedent's estate, and granting a new trial before another referee, who was thereby appointed sole referee to hear and determine the matters in controversy.

*Andrew Hamilton,* for the appellant.

*Alden Chester,* for the respondent.

PUTNAM, J.:

Plaintiff having presented a claim against the estate of James N. Brady, deceased, which was rejected by defendant, as administrator of the deceased, served on the latter a written offer to refer said claim pursuant to the statute. The offer being accepted by defendant, and the parties, by another writing, having agreed on a reference to John T. Cook, and the surrogate of Albany county having duly approved of said referee, on filing said agreement to refer, and the approval of the surrogate, in the county clerk's office of said county, an order entitled in the Supreme Court referring the matter as to said claim to said Cook was entered.

The cause was afterwards tried before said referee, who found in favor of the claimant. A motion made by plaintiff at Special Term

to confirm said report, and for judgment in favor of plaintiff, with costs, was denied, and the report set aside on the ground that the referee had improperly stricken out evidence received on the trial after the final submission of the case. The referee was discharged and a new trial granted before Hon. William L. Learned, who, by said order, was appointed sole referee to hear and determine the matter in controversy between said parties. Defendant objected to the appointment of a new referee and gave notice that he elected to end the reference and claimed a jury trial. It is now claimed by appellant that that portion of the order appointing a new referee is unauthorized. That the case is one where the plaintiff is entitled to a trial by jury, and that by consenting to a reference to a particular referee he did not waive his right to a jury trial, said reference having fallen through. (*Preston* v. *Morrow et al.*, 66 N. Y., 452.)

The General Term of this district, in *Masten* v. *Budington* (18 Hun, 105), determined that the doctrine laid down in "*Preston* v. *Morrow et al.*" does not apply where there is a reference under the statute by consent of a claim against a deceased party, and that such consent is a waiver of a trial by jury. In the case last cited the provisions of 2 Revised Statutes (88, 89, §§ 36, 37), which remain in force, are considered, and the court held that after a controversy as to a claim against a deceased party had been referred by consent, pursuant to the above-quoted provisions of the Revised Statutes, it may be treated in the same manner as a case in which the court could direct a reference without consent. That said section 37 of the statute provides that, upon setting aside the report of a referee, another referee may be appointed by the court in his place. (See 2 R. S., 88, 89, §§ 36, 37; 3 Rumsey's Pr., 298; *Roe* v. *Boyle et al.*, 81 N. Y., 308.)

I think we are concluded by the decision of the General Term of this district in "*Masten* v. *Budington*," which seems decisive of the question under consideration, and hence that the order should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Order affirmed, with costs.