### NEWMAN v. BENEDICT.

(Supreme Court, Appellate Term. March 15, 1910.)

REFERENCE (§ 33*)—APPOINTMENT OF REFEREE BY CONSENT—FAILURE TO APPOINT—EFFECT.

　　Where an action was not referable without the consent of the parties, and the defendant consented to the entry of an order to refer the cause to a particular referee, he did not waive his right to a trial by the court, or by a jury, if for any reason the person consented to was not named as referee.

　　[Ed. Note.—For other cases, see Reference, Dec. Dig. § 33.*]

Appeal from City Court of New York, Special Term.

Action by Julia S. Newman against Julian Benedict. From an order of the City Court of New York denying defendant's motion to vacate an order of reference, obtained through defendant's default, he appeals. Reversed, and motion granted.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

Robert L. Stanton (Edward A. Alexander, of counsel), for appellant.

Alexander Thain, for respondent.

SEABURY, J. The action was of such a character that an order of reference could not have been made therein, except upon consent. On December 1, 1909, the defendant's attorney signed a consent, at the request of the plaintiff's attorney, to the entry of an order naming a Mr. Warren as referee to hear and determine the issues herein. Mr. Warren refused to serve, and suggested that Mr. Grossman be substituted instead. This was consented to by the attorneys for both of the parties. On December 14, 1909, the plaintiff's attorney sent to the defendant's attorney a proposed order appointing Mr. Grossman referee and a consent to the entry thereof. The attorney for the defendant signed this consent and mailed it to the attorney for the plaintiff on December 18, 1909. On December 17, 1909, the plaintiff's attorney served a notice of motion upon the defendant's attorney, returnable December 21, 1909, for the appointment of a referee in the place of Mr. Warren. Upon the return day of the motion the defendant did not appear, and the motion was granted on default. As the plaintiff's attorney did not at this time call to the attention of the

court the consent which the defendant's attorney had signed to the appointment of Mr. Grossman as referee, the court appointed some one else.

We think that the defendant's attorney was misled, and that he was justified in believing that, if he did not appear upon the return day of the motion, the order, to which he had consented, appointing Mr. Grossman referee, would be presented to the court by the plaintiff's attorney. The action was not referable without the consent of the parties, and the defendant, by consenting to the entry of an order to refer the cause to a particular referee, did not waive his right to a trial by the court, or by a jury, if for any reason the person consented to was not named as referee. Preston v. Morrow, 66 N. Y. 452.

Order reversed, with $10 costs and disbursements, and motion to vacate the order of reference is granted, with $10 costs. All concur.