HICKS BEACH COMPANY, Plaintiff, *v.* CARMAN FROST, JR., and Others, Defendants.

(Supreme Court, Nassau Special Term, February, 1917.)

Referee — when motion to vacate and set aside order of reference granted — partition — motions and orders — rule 66 of General Rules of Practice — Code Civ. Pro. § 1012.

The provisions of section 1012 of the Code of Civil Procedure and rule 66 of the General Rules of Practice are mandatory, and where one of the defendants in an action for the partition of real estate is an infant an order of reference to hear and determine entered upon a stipulation designating the referee is illegal and void.

While a motion to vacate and set aside the order of reference will be granted that part of the motion which asks for the appointment of another referee to be selected by the court must be denied.

Motion to vacate and set aside an order of reference to hear and determine the issues in an action for partition of real estate, and that the issues be referred for hearing and determination to another referee.

James P. Niemann and Neil H. Vandewater, for the motion.

Eph A. Karelsen, William M. K. Olcott and C. L. Russell, opposed.

Scudder, J.   The motion is made in behalf of certain defendants who have not heretofore appeared in the action, but who were and are in default by reason of their failure to appear or answer.

They appear specially for the purpose of making this motion and contend that the order of reference which they seek to set aside was made in violation of section 1012 of the Code of Civil Procedure and rule 66 of the General Rules of Practice in that the referee was not designated by the court, but was appointed pursuant to a stipulation between parties who had appeared in the action.

The order of reference, omitting formal parts, reads as follows:

" The above entitled action having duly come on for trial before me at a special term for trials, on the 27th day of November, 1916, and on hearing Eph A. Karelsen, Attorney for the plaintiff herein; and on reading and filing the stipulation dated November 23, 1916, signed by the respective attorneys for all the parties appearing in this action except Edwin C. Wright, guardian *ad litem* for Marian Frost, infant, who appeared in Court and offered no opposition, and on all the proceedings and papers filed herein, it is

" Ordered that all the issues in the above entitled

action be and they hereby are referred to Charles S. Noyes, Esq., as referee to hear and determine the same."

The stipulation recited in the order was to the following effect: "It is hereby stipulated and agreed that the issues in the above entitled action be and they are hereby referred to Charles S. Noyes, Esq. as referee to hear and determine the same, and that an order to that effect may be entered by any of the parties without notice."

The form of the order and stipulation clearly indicates that they were drawn with reference to sections 1011 and 1012 of the Code of Civil Procedure.

The action was of such a character that an order of reference to hear and determine the issues raised by the pleadings could not have been made except by the consent of the parties. Where an action is not referable without the consent of the parties, a consent to an order of reference to a particular referee will not justify the granting of an order appointing another referee. *Newman* v. *Benedict,* 121 N. Y. Supp. 921; *Preston* v. *Morrow,* 66 N. Y. 452.

The stipulation in the present case designated the referee, and the court was without power to designate a different referee in so far as the parties who entered into the stipulation were concerned.

Section 1012 of the Code of Civil Procedure, among other things, provides that "a reference shall not be made, of course, upon the consent of the parties, in an action * * * wherein a defendant, to be affected by the result of the trial, is an infant," and in such a case, "where the parties consent to a reference, the court may, in its discretion, grant or refuse a reference; and, where a reference is granted, the court must designate the referee."

It seems to me that the order of reference in this case clearly violates these provisions of section 1012.

There is an infant defendant; the action being one for partition the infant's rights would be affected by the result of the trial; the stipulation of the parties consenting to the reference designates the referee; the order of reference recites that it is made upon the stipulation and appoints the referee which it designated.

It also seems to me that there is ground for holding that the order of reference in this case violates rule 66 of the General Rules of Practice.

Rule 66 was evidently drawn with reference to Code of Civil Procedure, section 1545. See *Levine* v. *Goldsmith,* 71 App. Div. 204, 208; *Fairweather* v. *Burling,* 181 N. Y. 117, 119.

That section provides for a reference to ascertain title in actions for partition in the following language: " Where a defendant has made default in appearing or pleading, or where a party is an infant, the court must ascertain the rights, shares and interests of the several parties to the property by a reference or otherwise before interlocutory judgment is rendered in the action."

The last sentence of rule 66 reads as follows: " Such referee and the referee appointed to sell shall in all cases be selected by the court."

Construing this sentence of the rule with reference to section 1545 and in such a manner as to make it applicable to the facts of this case, the rule directs that a referee appointed to ascertain the rights, shares and interests of the several parties to the property in an action for partition shall, " in all cases " (which would include both the cases stated in section 1545, namely, where a defendant has made default in

appearing or pleading, and where a party is an infant) be selected by the court.

The parties by whom the present motion is made are defendants who have defaulted in appearing. Their rights and interests in the property sought to be partitioned have been determined by a referee who was not selected by the court but who was designated by a stipulation between the parties who had appeared in the action.

Section 1011 of the Code of Civil Procedure in so far as it provides that a reference shall be made to a referee named by the stipulation of the parties should be construed to be limited to cases in which the determination of the referee affects only the rights and interests of the parties by whom the stipulation was made. To hold in a case like the present that some of the parties to an action can select by means of a stipulation between themselves a referee who may determine not only the rights of such parties in the subject matter of the action but also the rights of other parties therein who either cannot or do not consent to have their rights determined by such referee affronts the elementary notion in the administration of justice that a judicial tribunal shall be impartial and not the creature of parties to one side of the controversy.

The provisions of section 1012 of the Code of Civil Procedure and rule 66 of the General Rules of Practice to which I have above adverted are mandatory, and since the order of reference violates them, as above pointed out, it must be held to be illegal and void notwithstanding that the impartiality and fairness of the referee's determination is not impugned and that great hardship will result from the setting aside of the order.

So far as the motion is made for a new reference before another referee to be selected by the court it

cannot be granted. The case has not been legally tried by the referee and therefore this motion cannot be regarded as an application for a new trial of an action tried by a referee who was designated by the parties within the meaning of section 1011 of the Code of Civil Procedure.

Motion granted setting aside order of reference and subsequent proceedings, and in all other respects denied. No costs.

Ordered accordingly.