Annie Ives, Appellant, *v.* James Ives, Respondent.

*Action of divorce — order of reference to a referee chosen by the parties — modified by changing the referee — force of the General Rules of Practice — relief granted under "other further or different rules or order" — agreement of an attorney conclusive on his client.*

An order of reference made in an action brought to obtain a divorce, which designates as referee a person who is agreed upon by the counsel for the respective parties, is irregular, and should, upon motion, be modified by designating another referee.

The spirit and intention of section 1012 of the Code of Civil Procedure is that the court, when a reference of an action brought for a divorce has been already consented to, must name a referee of its own motion and without the consent or agreement, as to the person to be named, of the counsel or parties.

In an action brought to secure a divorce, the parties thereto consented in open court to a reference, not to any particular person, but simply that the case should be referred, the plaintiff agreeing to it as a condition of her not at once proceeding to trial. Thereafter, by a stipulation entered into between the parties, to which the court acceded, a certain person was named as referee.

*Held,* that the plaintiff was not entitled to have the whole order vacated because that portion of the order, designating the particular person before whom the reference was to be tried, was improperly made.

Where a motion is made to vacate and set aside an order of reference, and "for such other, further or different rules or order as the court may deem proper," upon the hearing thereof it is proper to modify the order previously granted and correct any error therein.

The General Rules of Practice have the same force and effect that statutes have, and the General Term of the Supreme Court has no more right to disregard one than the other.

The court can only deal with parties to actions before it [when they are represented by attorneys] through their attorneys; the agreements and stipulations of such attorneys are the agreements and stipulations of the parties, and where an attorney for a party has entered into an agreement, and the court has acted upon it, it is too late for the party to repudiate the authority of the attorney after reaping the benefit of his action.

APPEAL by the plaintiff, Annie Ives, from an order of the Supreme Court, made at the St. Lawrence Special Term and entered in the office of the clerk of the county of St. Lawrence on the 14th day of February, 1894, denying the plaintiff's motion to set aside the order of reference granted in the action.

*John Conboy,* for the appellant.

*Daniel Mayone* for the respondent.

HERRICK, J. :

The case of the appellant upon this appeal is one that does not commend itself to the favorable consideration of the court. The action is one for divorce on the ground of adultery. When the case was upon the Circuit calendar for trial a motion was made on behalf of the plaintiff to put it over the term, on account of the illness of the plaintiff, and, in deciding the motion for a postponement, the court announced that the case could be set down for trial the following week of the term, or, if the plaintiff preferred, it might go to the Special Term for trial, or to a referee ; thereupon the counsel for the respective parties agreed to a reference, and presented to the court an order containing the name of the person who had been agreed upon by them as the referee in the case, and the court directed the entry of the order. Thereafter, and after the adjournment of the Circuit Court, a motion was made on behalf of the plaintiff to vacate and set aside such order of reference, as having been improvidently made, and being in violation of the rules and practice of the court, the plaintiff stating in the moving affidavit, " That she did not consent or know that a reference was to be had or ordered in this case, until after the return of her said attorney." That she then informed her attorney that she was dissatisfied with the order of reference ; and that she at no time consented to a reference.

The Special Term denied the motion to vacate such reference, whereupon the plaintiff appeals to this court.

In so far as the order appealed from designates a person as referee who was agreed upon by counsel for the respective parties, I think it was irregular and should have been modified, and the court at Special Term should have designated another referee.

Section 1012 of the Code of Civil Procedure, after referring to several classes of actions, amongst them actions for divorce, says : " In a case specified in this section, where the parties consent to a reference, the court may, in its discretion, grant or refuse a reference ; but where a reference is granted, the *court must* designate the referee."

It seems to me that the spirit and intention of the section that I have quoted is, that the court, in case a reference of the case has been already consented to, must of its own motion, and without consent or agreement thereto by the counsel or parties as to the person, name the referee.

This construction of the section is strengthened when section 1012 is read in connection with section 1011, which provides that all cases except those specified in section 1012, must be referred upon the consent of the parties, manifested by a written stipulation signed by the attorneys for the parties and filed with the clerk, and that " Where the stipulation does not name the referee, he may be designated by the court, on motion of either party. Where the stipulation names the referee, the clerk *must* enter an order, of course, referring the issue or issues for trial to *that person only.*" That is, the section provides that in all cases except those mentioned in section 1012, the parties can absolutely control the selection of the person before whom their case shall be tried. It is in sharp contrast to section 1012 ; the provisions of each emphasize and bring out distinctly the spirit and intention of the other.

Section 1012 is supplemented and made certain by rule 73 of the rules of practice of the Supreme Court, which in the case of divorce provides that " the court shall, in no case, order the reference to the referee nominated by either party nor to the referee agreed upon by the parties."

The reason for the adoption of that portion of section 1012 of the Code and of rule 73, that I have cited, was to prevent collusion between parties in the procuring of divorces. It is said in this case that there is a genuine contest, evidenced by the nature of the issues, and the behavior of the parties and their counsel, and that, therefore, the reason for the adoption of the rule in question does not apply to this case, and that consequently there is no occasion for its enforcement.

I do not think that such reasoning can justify the violation of a very plain rule of practice; to permit it would be to throw the burden upon the court in every case coming before it where an application is made for a reference, and the referee named by the parties, of determining whether there is a *bona fide* and genuine contest between the parties.

The court will have to determine whether the hostility exhibited is real or simulated, and in a large majority of the cases presented to the court it has no means of determining any such questions.

As heretofore stated, the selection of the referee was in violation of the spirit, if not of the letter, of section 1012 of the Code, and in plain violation of the spirit and letter of rule 73.

The case of *Fullmer* v. *Fullmer* (6 Wkly. Dig. 42) I do not think in point in this case; the questions there raised came up upon the coming in of the referee's report and the application for a judgment thereon; the court said: "The reference was not void for a selection of a referee contrary to the rules. The failure of the plaintiff to attend was a matter in regard to which he must seek relief by application to the discretion of the court or of the referee. These affidavits should have been presented to the court by way of a special motion, not on a hearing upon the merits, upon the application for judgment."

That is a plain recognition that a reference so made is a violation of the rule, and it simply decides that it is too late to raise such questions after the case has been tried by the referee agreed upon, and indicates that an application for relief from such an order should be made before trial, as has been done here in this case.

In addition thereto it may be stated that at the time of this decision (1878) that portion of section 1012 of the Code, before alluded to, had not been enacted.

We are not at liberty to disregard the rules of the court; they have the same force and effect that the statutes have, and we have no more right to disregard them than we have to disregard the statutes of the State. (*Matter of Moore*, 108 N. Y. 280.)

I think, therefore, that the court was in error in designating the person agreed upon by the parties to the action as the referee therein.

The appellant's contention, however, goes farther than simply

vacating the order of reference as to the person designated as referee; she insists that the referee being improperly named, the whole order of reference falls through, citing the case of *Preston* v. *Morrow* (66 N. Y. 452), which says that: "By consenting to refer to a particular referee, named in the consent and in the order, the parties did not waive the right to a trial either by the court or by a jury, if for any reason the reference agreed upon should fall through. Upon the death, removal or refusal of the referee to act, the actions were again in the court for trial as prescribed by law, as if no reference had been consented to."

That case was decided under the old Code of Procedure, which differed materially in respect to the control of the court over references from the present Code.

But in addition to that there are features in this case that distinguish it from the case of *Preston* v. *Morrow*; in this case there was a consent in open court to a reference, not to any particular person, but that the case should be referred; the plaintiff agreed to it as a condition of not then and there going to trial.

The naming of a particular person as referee was an after matter; and because a stipulation was entered into which the court acceded to, and which was in violation of the rules of practice and the Code, the plaintiff cannot now in good faith, after she has received the benefit derived from the stipulation to refer the case for trial, ask to have the whole order vacated because that portion of the order designating the particular person before whom the reference was to be tried, was improperly made.

Further than that, the plaintiff's motion is capable of division; her motion was not simply for an order vacating and setting aside the order of reference, but was "for such other, further or different rules or order as the court may deem proper." Under such a prayer for relief the court can modify the order previously granted, and correct the error into which it had been led by the plaintiff's counsel.

The plaintiff, in her affidavit, states that she never consented to a reference. The court can only deal with parties to actions before it, when they are represented by attorneys, through their attorneys; the agreements and stipulations of such attorneys are the agreements and stipulations of the parties; and where an attorney for a party

has entered into an agreement, and the court has acted upon it, it is too late for the party to repudiate the authority of the attorney after reaping the benefit of his action. The plaintiff's attorney here elected to have the case tried by a referee as a condition of postponing the trial; the trial of the case was accordingly postponed; she must be held to his agreement in open court to try the case as a reference, the referee to be designated according to law and the rules and practice of this court.

The order appealed from should, therefore, be modified, and the original order of reference also modified, by striking therefrom the name of the person therein designated as referee, with ten dollars cost of such motion, to be paid by the plaintiff, without costs of this appeal to either party.

Either party may apply, upon notice, to a Special Term of the court for the appointment of a referee to hear and determine this action, pursuant to the consent of the parties entered into in open court that this case should be tried before a referee.

MAYHAM, P. J., and PUTNAM, J., concurred.

Order appealed from modified, as per opinion, without costs.