Esther Y. McCarthy, Respondent, v. Eugene McCarthy, Appellant.

While the uncorroborated evidence of prostitutes alone is insufficient to sustain a charge of adultery in an action for divorce, yet slight corroboration is sufficient where the defendant fails to take the stand in his own behalf.

In an action by a wife for divorce on the ground of adultery, where the case is litigated, it is not incumbent upon the plaintiff to make affirmative proof of the allegations inserted in her complaint in compliance with the rules of the Supreme Court (Rule 73), i. e., that the adultery charged was "without the consent, privity or procurement of the plaintiff," and that the latter has not voluntarily cohabited with defendant since discovery of the fact; these are matters of affirmative defense. It is only to provide for a case of defendant suffering a default that these possible defenses are required to be negatived by plaintiff by verified complaint or affidavit.

Where, in such an action, the charges of adultery in the complaint are put in issue by the answer, and counter allegations of adultery on the part of plaintiff are made and the issues are tried together, the reception of testimony of the plaintiff, incompetent under the Code of Civil Procedure (§ 831) as to the issues presented upon the charges in the complaint, but which is competent upon the issues presented by the counter charges in the answer, is not error.

It is within the discretion of the court in such an action brought by the wife to provide that alimony shall be paid from the time of the commencement of the action.

(Argued June 14, 1894; decided October 9, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made February 7, 1893, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This was an action for divorce on the ground of adultery.

The facts, so far as material, are stated in the opinion.

*T. K. Fuller* for appellant. The motion to non-suit should have been granted. (Code Civ. Pro. § 1758.) Divorces are not granted on the evidence of prostitutes and private detectives, unless corroborated. (*Moller* v. *Moller*, 115 N. Y. 466.) If both are guilty neither can have a divorce. (Code Civ. Pro. § 1758.) The allowance of alimony relates to the future, not to the past. (Code Civ. Pro. § 1769; *Beadleston* v. *Beadleston*, 103 N. Y. 402; *Romaine* v. *Chauncey*, 129 id. 566; *Forrest* v. *Forrest*, 25 id. 501.)

*Louis Marshall* for respondent. Defendant's adultery with Marion Ronpe and with Rachel Cuiseneer is proven. (*Moller* v. *Moller*, 115 N. Y. 466; *Gulerette* v. *McKinley*, 27 Hun, 322.) Plaintiff is innocent of adultery. (*Westerlo* v. *Dewitt*, 36 N. Y. 340; *Steffens* v. *Steffens*, 3 N. Y. S. R. 643; *Sherwood* v. *Hauser*, 94 N. Y. 626; *Baird* v. *Mayor, etc.*, 96 id. 567; *Allen* v. *Allen*, 101 id. 628; *Conger* v. *Conger*, 82 id. 602; *Pollock* v. *Pollock*, 71 id. 137.) There was no error in admission of evidence. (*Quincey* v. *Young*, 5 Daly, 327.) The allowance of $500 per year alimony from the date of the commencement of the action was proper and was not excessive. (*Romaine* v. *Chauncey*, 129 N. Y. 566; 1 Bishop on Married Women, § 887; 1 Bishop on Mar., Div. & Sep. § 1215; *Niel* v. *Johnson*, 11 Ala. 615; *Harris* v. *Harris*, 31 Grat. 13; *Haley* v. *Baninster*, 4 Madd. 275; *Pretzinger* v. *Pretzinger*, 45 Ohio St. 452; *Wilson* v. *Wilson*, 43 Cal. 399; Code Civ. Pro. § 1759; *Muse* v. *Muse*, 84 N. C. 35; *Kamp* v. *Kamp*, 59 N. Y. 212; *Erkenbrack* v. *Erkenbrack*, 96 id. 456.) Alimony was properly allowed from the date of the commencement of the action. (*Burr* v. *Burr*, 7 Hill, 207; *Forrest* v. *Forrest*, 25 N. Y. 518; Bishop on Mar. & Div. § 651; *Stamford* v. *Stamford*, 1 Edw. Ch. 316.)

Bartlett, J. This is an appeal from the judgment of the General Term, fourth department, affirming the judgment of the Onondaga County Special Term, entered upon the report of a referee, granting the plaintiff an absolute divorce from the defendant, and awarding her the custody of the only child

of the marriage. The order confirming the report of the referee and directing judgment against defendant authorized the referee to take evidence and certify the same to the court with his opinion as to what sum should be paid by the defendant to the plaintiff for the education and maintenance of the child and the support of the plaintiff. The referee heard witnesses at length, and reported to the court, as his opinion, that the defendant should pay for the purposes indicated in the order of reference the annual sum of five hundred dollars, and that such payment should commence from the date this action was instituted. The report of the referee was confirmed and the final judgment provides for the payment of the sum suggested. The appellant seeks to review upon this appeal not only the main issues in the case, but the question of permanent alimony.

The defendant in his answer set up counter charges of adultery against his wife, and the issues thus presented by the pleadings were litigated in a bitter and protracted manner before the referee, who, upon conflicting evidence, found the plaintiff not guilty of the charge of adultery made by her husband, and upon evidence, substantially uncontradicted, found the defendant guilty.

The learned counsel for the defendant insists, with great earnestness, that the evidence warranted a judgment against the wife, and that the judgment condemning the husband ought not to stand as its rests on the uncorroborated evidence of prostitutes; and for the further reason that when plaintiff rested her case she had not proved that the alleged acts of defendant's adultery had been committed without her consent, connivance, privity or procurement; and that she had not voluntarily cohabited with the defendant since knowledge of the facts. It may be observed in passing that the defendant's counsel requested the referee to find that there was no sufficient proof of adultery on the part of either plaintiff or defendant in this action, and that the referee so found as to the plaintiff and refused so to find as to defendant.

As to the first contention, that the evidence warranted a.

judgment against the plaintiff, it is sufficient to say that the referee found on this point, and the General Term affirmed, upon conflicting evidence, and this court is bound by the findings below.  As to the suggestion that the case against the defendant rests on the uncorroborated evidence of prostitutes; we are of opinion that as to the charge sought to be proved that the defendant, in the absence of his wife, took two abandoned women to his residence and passed the night with one of them in his marriage bed, was sufficiently corroborated by surrounding circumstances to warrant the finding of the referee.

As to the charges of adultery sought to be proved in the cities of Binghamton and Auburn in this state, we think there is sufficient corroboration in the letters of the defendant addressed to the co-respondent.  Slight corroboration as to both charges is sufficient in view of the fact that the defendant failed to take the stand in his own behalf.

The views we now express are in harmony with the rule laid down in *Moller* v. *Moller* (115 N. Y. 466), cited by defendant's counsel.

We will now consider the point that the motion to non-suit the plaintiff, made at the time she rested her case, should have been granted on the ground that under the final ruling of the referee on questions reserved, it did not appear that the defendant's acts of adultery were without her connivance, and that she had not cohabited with him after knowledge of the facts.

The plaintiff was allowed to furnish this proof in her own testimony, which was objected to as incompetent under section 831 of the Code of Civil Procedure, and subsequently stricken out by the referee.  We, therefore, have presented in this case the question whether, in a litigated case, it is incumbent upon the plaintiff to make affirmative proof of the usual allegations inserted in a complaint for absolute divorce to the effect that the adultery of defendant was committed without the connivance, etc., of plaintiff, and that plaintiff has not voluntarily cohabited with the defendant, etc.

We are of opinion that the provisions of the Code of Civil Procedure and rule 73 of the Supreme Court, when read together, do not require the plaintiff to make such proof as a part of his *prima facie* case in contested actions. The allegations referred to are inserted in the complaint in order to comply with the provisions of rule 73 in case defendant makes default.

Rule 73 reads as follows, viz.: " And when the action is for a divorce on the ground of adultery, unless it is averred in the complaint that the adultery charged was committed without the consent, connivance, privity or procurement of the plaintiff; that five years have not elapsed since the discovery of the fact that such adultery has been committed, and that the plaintiff has not voluntarily cohabited with the defendant since such discovery, and also where at the time of the offense charged, the defendant was living in adulterous intercourse with the person with whom the offense is alleged to have been committed, that five years have not elapsed since the commencement of such adulterous intercourse was discovered by the plaintiff, and the complaint containing such averments be verified by the oath of the plaintiff, in the manner prescribed by the Code, judgment shall not be rendered for the relief demanded, until the plaintiff's affidavit be produced, stating the above facts, and in case of a reference the plaintiff shall be specifically examined on oath as to each of these particulars."

It is to avoid the necessity for the affidavit in case of default that the allegations referred to in the rule are inserted in the complaint. As to the proof of the material allegations of the complaint in case of default, the subject is dealt with by section 1757 of the Code of Civil Procedure which provides that if the defendant makes default in appearing or pleading, the plaintiff, before he is entitled to judgment, must nevertheless satisfactorily prove the material allegations of his complaint.

Section 1758 of the Code of Civil Procedure provides that in either of the cases therein named the plaintiff is not entitled to a divorce, although the adultery is established ; it

then names the various grounds set forth in rule 73 as already quoted.

It is obvious from reading the two sections of the Code referred to and rule 73, that the grounds set forth in section 1758 are matters of affirmative defense in a case that is litigated, but in the event of defendant suffering a default the plaintiff cannot obtain judgment without negativing those possible defenses by his sworn complaint or affidavit. It is further insisted by defendant's counsel that this case is filled with reversible error and we are cited, without further comment, to many folios of the case as sustaining the statement. We have examined this record with care and are of opinion there are no erroneous rulings which should lead to the reversal of this judgment. The most important of defendant's exceptions were taken during the examination of plaintiff, it being insisted that much of her testimony was incompetent under section 831 of the Code. It must be kept in mind that two distinct issues were being tried simultaneously before the referee, to wit, the charges of plaintiff and the counter-charges of defendant. We have recently had occasion to comment upon the inherent difficulty of ruling upon an offer of evidence when it is competent as to one issue, and incompetent as to the other. (*Woodrick* v. *Woodrick*, 141 N. Y. 457, at page 462.) Testimony competent on either issue must be admitted. (*De Meli* v. *De Meli*, 120 N. Y. 485.)

The case at bar is another illustration of the embarrassments arising from such a situation and shows that a separate trial of the issues would secure a more satisfactory result. We do not deem it necessary to discuss in detail the various exceptions in this case; it is enough to say we find no reversible error.

Finally, it is insisted there was error in fixing the amount and time of payment of the permanent alimony. The court below reached its determination as to amount on conflicting evidence and in the exercise of a judicial discretion. We are of opinion that there was evidence to sustain the judgment of the court below, and there is nothing to show that the discretion was abused and arbitrarily exercised. It was within

the discretion of the court to provide that alimony should be paid from the time this action was begun. (*Burr* v. *Burr*, 10 Paige, 20; *Forrest* v. *Forrest*, 25 N. Y. 518.)

The judgment should be affirmed, with costs.

All concur, except ANDREWS, Ch. J., not sitting.

Judgment affirmed.