(2 App. Div. 534.)

## PRATT v. PRATT.

(Supreme Court, Appellate Division, First Department. March 20, 1896.)

DIVORCE—REFERENCE.

> Where reference has been made contrary to Code Civ. Proc. § 1012, providing that, when reference is granted in an action for divorce or separation, the court must designate the referee, and Gen. Rules Prac. No. 73 (now No. 72), providing that in such actions the court "shall in no case order the reference to a referee agreed upon by the parties," it is proper to refuse to act on the referee's report, and to set aside the order of reference.

Appeal from special term, New York county.

Action by Maggie Pratt, by Peter Andreoli, her guardian ad litem, against Spencer Charles Pratt, for separation. From an order denying plaintiff's motion for judgment on the report of a referee, and from an order vacating the order of reference, and appointing a new referee to hear and determine the action, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, RUMSEY, and PATTERSON, JJ.

Thomas McAdam, for appellant.
Isaac N. Miller, for respondent.

BARRETT, J. Upon the 26th day of April, 1895, the parties here agreed upon a referee, and the court thereupon appointed the referee so agreed upon. This was a direct violation of the mandates of the Code of Civil Procedure and of the General Rules of Practice. Section 1012 of the Code provides that, when a reference is granted in an action to annul a marriage or for a divorce or a separation, the court must designate the referee. Rule 73 of the General Rules of Practice then provided, as rule 72 now provides, that in such actions the court "shall in no case order the reference to a referee agreed upon by the parties." Procedure in disregard of these provisions is not a mere irregularity. Such procedure is unquestionably void. The law was not enacted, nor was the rule established, for the benefit of the parties to matrimonial actions, but for the public good. In this respect the mandate and prohibition differ from the regulations with regard to referees in foreclosure and partition actions. The latter regulations were adopted to secure fair dealing upon judicial sales, and to prevent one party from overreaching the other. The former regulations were enacted to prevent one party from colluding with the other. Public policy favors the continuity of the marital union. It condemns any break in that continuity not specifically authorized by law. For

this reason the parties are not permitted, as they are in ordinary controversies, to admit the facts, or to waive proof thereof; nor is the court permitted to grant relief upon their consent. To render these interdictions effectual, to prevent the possibility of their being evaded, the referee rule was adopted. It is distinctly in harmony with the statute. The statute says that the court must designate the referee. To guaranty strict compliance with this mandate, the rule declares that the court shall not in any case "order the reference to a referee nominated by either party, nor to a referee agreed upon by the parties." What is that but saying that the court must designate the referee freely, independently, and without a breath of suggestion? The moment the rule is successfully invaded, that moment the statute falls. If parties may walk through or around these regulations to a tribunal of their own arrangement, they can as readily walk through or around all the obstacles which the law places between them and their desires. Given their own friendly tribunal, and what becomes of the remaining statutory safeguards? There can be no compromise here with evasion or trifling. To make an exception of a hard case would simply be the entering wedge for the destruction of a system devised to prevent collusive divorce or separation. The court does not act. in favor of or against either party. It listens to no suggestions of estoppel. It learns of the abuse of its authority, and thereupon, of its own motion, it sets the matter right. Thus, the parties are brought back to the precise point at which they were when they deviated from the straight line. The special term was right in refusing to act upon the referee's report, and in setting aside the order of reference. It erred, however, in appointing a new referee. The consent which we condemn was not a consent to refer generally; it was a consent to refer to the referee named in the order. The reference, therefore, fell with the vacating of the order.

It follows that the order denying the motion to confirm the referee's report should be affirmed, without costs; and the order vacating the order of reference should be modified by striking out the provision referring the issues to another referee, and, as thus modified, affirmed, without costs. All concur.