(24 Misc. Rep. 304.)

### FALLON v. EGBERTS WOOLEN-MILL CO.

(Supreme Court, Special Term, Albany County. July, 1898.)

REFERENCE—DESIGNATION OF REFEREE.
 Under Code Civ. Proc. § 1012, requiring the court to designate the referee where it grants a reference by consent in an action against a corporation for the appointment of a receiver and the distribution of its property, a reference to one not appointed by the court is absolutely void.

Motion in an action by Stephen A. Fallon against the Egberts Woolen-Mill Company to set aside an order of reference and the report of the referee. Granted.

E. J. Meegan and J. H. Clute, for the motion.
Blumenstiel & Hirsch (Myer Nussbaum, of counsel), opposed.

EDWARDS, J. This action was brought for the sequestration and distribution of the property of the defendant, a domestic corporation, and for the appointment of a receiver. It was not brought by the attorney general. Issue was joined therein, and the cause was on the calendar of the Albany April trial term. A stipulation was made during that term by the attorneys for the parties, referring it to a referee therein named to hear and determine, on which stipulation an order of reference was entered. The trial proceeded before the referee, and a report was made in favor of the plaintiff, upon which his counsel served notice of motion for judgment. Thereafter, before the hearing of the motion, the defendant's counsel procured an order to show cause, returnable at the term for which the motion for judgment was noticed, why an order should not be made setting aside the order of reference and the report of the referee. The ground of the motion to set aside the order is that it is void, under section 1012 of the Code of Civil Procedure, which reads as follows:

"But a reference shall not be made, of course, upon the consent of the parties, in an action to annul the marriage, or for a divorce or a separation; or an action against a corporation, to obtain a dissolution thereof, the appoint-

ment of a receiver of its property, or the distribution of its property, unless it is brought by the attorney-general; or an action wherein a defendant, to be affected by the result of the trial, is an infant. In a case specified in this section, where the parties consent to a reference, the court may, in its discretion, grant or refuse a reference; and, where a reference is granted, the court must designate the referee."

The defendant's attorney swears that, after service of plaintiff's motion for judgment, he discovered for the first time that the order referring the case to a referee designated in the stipulation was in violation of the statute, and there is no doubt that it was granted through inadvertence of the attorneys and of the court. It is to be regretted that the court cannot see its way clear to a denial of the motion to set aside the order. The referee was acceptable to the defendant, was competent and reliable, and no question has been raised as to his competency or his fairness; nor is it claimed that any injustice whatever has been done by reason of the reference to the person designated by the counsel. The defendant having proceeded without any dissent under the order until a report unfavorable to him was rendered, it would seem that he should, in equity, be estopped from assailing the validity of the order. But I am constrained, under the construction that has been given to the statute in question, to hold that the order is void. In Pratt v. Pratt, 2 App. Div. 534, 38 N. Y. Supp. 26, an order of reference was made, in an action for separation, to a referee agreed upon by the parties. Under this order the parties proceeded until the report of the referee, on which an application was made for judgment. The court then, on motion, vacated the order of reference, holding that it was void, and not a mere irregularity. In Ives v. Ives, 80 Hun, 136, 29 N. Y. Supp. 1053, the court also set aside an order of reference so far as it related to the person therein designated as referee, notwithstanding the party in whose behalf the motion was made had received the benefit of the order. It is true that those were matrimonial actions, but such an action and one brought against a corporation for the distribution of its property are equally within the prohibition of the statute. The provision that "the court must designate the referee" is alike applicable and imperative in the two cases. The reason for the statute is the same in both actions. It is that in those actions the public have interests to be protected, and the object is to prevent the obtaining of a collusive judgment. Pratt v. Pratt, supra; Throop's note to section 1012 of the Code of Civil Procedure. Both actions being alike within the inhibition of the statute, and the same reason existing therefor, it is difficult to see how any distinction can be made between them affecting the validity of a reference in which the court has not designated the referee. It is true that, in respect to matrimonial action, Sup. Ct. Rule 72 prohibits a reference to a referee agreed upon by the parties. This rule is in harmony with the provisions of the statute. Each is designed to prohibit the appointment of a referee agreed upon by the parties, and the reason for each is the same. They are both imperative, and I do not think that the absence of the rule would lead to a different construction of the statute.

For these reasons, the motion to vacate the order and set aside the

53 N.Y.S.—43

report should be granted, but without costs; and the motion for judgment should for the same reason be denied, without costs. Ordered accordingly.