### FREEMAN v. FREEMAN.

(Supreme Court, Appellate Division, Third Department. May 22, 1908.)

1. DIVORCE—PROCESS—SERVICE—DEFECTS—CURE BY SUBSEQUENT APPEARANCE.

Under Code Civ. Proc. § 424, providing that "the voluntary general appearance of the defendant is equivalent to personal service of the summons upon him," such an appearance in an action is equivalent to personal service of process, and confers jurisdiction of the person on the court; and, no different rule obtaining in an action for divorce, the appearance of defendant's attorney by serving an answer and proceeding in such action was sufficient to excuse the illegal service of the summons and complaint.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 267.]

2. SAME—TRIAL—REFERENCE.

General Rules of Practice, rule 72, providing that, in an action for divorce, the court shall not order a reference without proof by affidavit of the service of the summons and complaint, and that notice of appearance and retainer shall not be sufficient to excuse such proof, only applies to cases of defendant's default, and does not confine plaintiff in case of a default to "proof by affidavit"; so that in an action for divorce, on which defendant answered, where the parties consented to a reference, and thereupon the court referred the issues without the consent or agreement of the parties as to the referee, such reference was not in violation of rule 72, though there was no proof by affidavit of the service of the summons.

3. STATUTES—CONSTRUCTION—GIVING EFFECT TO ENTIRE STATUTE.

The construction of statutes requires that effect must be given, if possible, to all the language employed, and every part must be viewed in connection with the whole so as to make all its parts harmonious, if practicable, and give a sensible and intelligent effect to each.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, § 283.]

John M. Kellogg, J., dissenting.

Appeal from Special Term, Saratoga County.

Action for divorce by Nellie M. Freeman against Nelson G. Freeman. From an order (109 N. Y. Supp. 705) denying an application for an interlocutory judgment and setting aside all the proceedings in the

action after issuance of the summons, plaintiff appeals.  Reversed, and case remitted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Charles M. Davison, for appellant.
Walter H. Cogan, for respondent.

SEWELL, J.  It appears from the record that this action was brought to obtain a divorce on the ground of adultery.  The summons and complaint were not legally served, but the defendant employed an attorney who appeared and served upon the plaintiff's attorney a copy of the answer, duly subscribed by him, which put in issue the allegation of adultery.  Thereafter a notice of trial was served by him for a Special Term for trials.  The attorneys for the plaintiff and defendant consented to a reference, whereupon the court designated a referee, and an order was entered referring the issues without the consent or agreement of the attorneys or the parties as to the person named.  The action was brought to a hearing before the referee; the plaintiff appearing in person and by his attorney, and the defendant by his said attorney.  Evidence in support of the allegations of the complaint was taken, and the referee found in favor of the plaintiff.  Upon the application for an interlocutory judgment, the court denied the motion, and set aside all the proceedings since the issuance of the summons, upon the ground that the appearance of the attorney for the defendant by serving an answer and proceeding in the action was not sufficient to excuse proof by affidavit of the service of the summons.

It is the settled law of this state that a voluntary general appearance in an action is equivalent to personal service of process, and confers jurisdiction of the person on the court.  Code Civ. Proc. § 424; Olcott v. McLean, 73 N. Y. 223; Matter of McLean, 138 N. Y. 158, 33 N. E. 821, 20 L. R. A. 389; Reed v. Chilson, 142 N. Y. 152, 36 N. E. 884.  No different rule obtains in an action for a divorce.  Lynde v. Lynde, 41 App. Div. 280, 58 N. Y. Supp. 567; Jones v. Jones, 108 N. Y. 415, 15 N. E. 707, 2 Am. St. Rep. 447; Strauss v. Strauss, 122 App. Div. 729, 107 N. Y. Supp. 842.  The determination of the appeal also requires a consideration of the question whether the order of reference was in violation of that part of rule 72 of the General Rules of Practice which provides that, in an action for a divorce, the court shall not order a reference without proof by affidavit of the service of the summons and complaint and that notice of appearance and retainer shall not be sufficient to excuse such proof.  It was held in McCarthy v. McCarthy, 143 N. Y. 235, 38 N. E. 288, and Lowenthal v. Lowenthal, 157 N. Y. 236, 51 N. E. 995, that where the case is litigated it is not necessary to produce an affidavit stating that the adultery charged was committed without the consent, connivance, privity, or procurement of the plaintiff, etc., as provided in another clause of this rule; that this provision was made for cases of default only.  It is obvious from reading the provision in question that it was only intended to apply in case of the defendant's default.  It is also plainly inferable from the language used that, in case of a default, the plaintiff is

not confined to "proof by affidavit." The words, "Notice of appearance and retainer shall not be sufficient to excuse such proof," which follow the general provision, clearly indicate that other evidence, showing jurisdiction of the person of the defendant, may be received, and may be sufficient to excuse proof by affidavit. This construction is necessary to give any meaning or effect to these words. One of the most familiar rules for the construction of statutes requires that effect must be given, if possible, to all the language employed. Matter of New York & Brooklyn Bridge, 72 N. Y. 527; People ex rel. Freligh v. Matsell, 94 N. Y. 179. Every part must be viewed in connection with the whole so as to make all its parts harmonious, if practicable, and give a sensible and intelligent effect to each. People ex rel. Gilmour v. Hyde, 89 N. Y. 18.

I do not think the case of Ives v. Ives, 80 Hun, 136, 29 N. Y. Supp. 1053, is in point. In that case the order of reference designated as referee a person agreed upon by the counsel for the respective parties, and the court held that the reference was in violation of a provision of rule 73, now 72, which forbids a reference of a matrimonial action to a referee nominated by either party or to a referee agreed upon by the parties. It is too clear for argument that this provision was only intended to apply to contested cases. The words, "a referee agreed upon by the parties," admits of no other reasonable construction.

It follows that the order appealed from should be reversed, and the case remitted to the Special Term for rehearing, with $10 costs and disbursements. All concur, except KELLOGG, J., who dissents.

JOHN M. KELLOGG, J. (dissenting). Where the parties to a divorce action consent to a reference, the court may appoint a referee or refuse the reference in its discretion. Code Civ. Proc. § 1012. Therefore the rules of practice may prescribe in what cases and in what manner such discretion may be exercised, and under what circumstances a reference may be granted. Rule 72 of the General Rules of Practice provides that, in divorce cases, "the court shall in no case order the reference to a referee nominated by either party nor to a referee agreed upon by the parties, nor without proof by affidavit conformable to the rules relating to the manner and proof of the summons and complaint. Notice of appearance and retainer shall not be sufficient to excuse such proof." In Ives v. Ives, 80 Hun, 136, 29 N. Y. Supp. 1053, it was held that in a litigated case under the above rule the referee could not be agreed upon by the parties. McCarthy v. McCarthy, 143 N. Y. 235, 38 N. E. 288, recognizes that the rule applies as well to litigated as to default cases, and that even in a litigated case, unless the complaint alleges want of connivance, etc., as required by the rule, that an affidavit to that effect must be filed before judgment can be rendered. It holds, however, that the allegation of want of connivance, etc., is not inserted in the complaint as an issuable allegation, but only to comply with the rule and to avoid the necessity of filing an affidavit. The order of reference, therefore, was in violation of the provisions of this rule, and judgment was properly denied. The order of reference was entered by the clerk upon consent of the attorneys. The referee

was apparently agreed upon by counsel, in violation of the provisions of the above rule.

There is another reason why judgment should not be entered upon this report. The strict practice prescribed in divorce cases was adopted for the public good, and to prevent collusive and fraudulent divorces, and should be enforced in a way to prevent the evils intended to be guarded against. Rule 72 also provides that no reference shall be had where the defendant fails to answer, but the case must proceed in open court. As matter of substance and of right the defendant did not answer in this case; and to enter judgment upon the referee's report would sanction a practice which in many cases would open the door for collusive and fraudulent divorces. In an affidavit attached to the summons and complaint one Perkins swears that he served them upon the defendant at Portland, Or., and that the person served acknowledged to the affiant that he was the defendant, that the plaintiff was his wife, that his mother-in-law, Mrs. Allen, resided at Saratoga Springs, and that he had previously conducted a stationery store at that place. It is evident that Perkins did not know the defendant, or the person served, but relied entirely upon the statement made to him by an unknown person. Such proof of service would not be sufficient to authorize the entry of judgment in any kind of an action. The affidavit also shows that at the same time the party served signed the certificate contained in the record, in which he admitted that he was the defendant, and that "the allegations in said complaint are substantially true in every respect," and that due service of the summons and complaint was made upon him at Portland, Or., and he authorized the attorney named "to represent me in said action." This certificate is witnessed by Perkins. There is no other evidence in the record that the person who signed this paper was the defendant. It is evident that the person making the alleged service was aware that such service was not valid, and therefore he obtained the certificate in order to dispense with a proper service.

The attorney named served an unverified answer denying the adultery. He attended at the trial, and by cross-examination asked several perfunctory questions of the plaintiff's witnesses. The questions and the answers sought could be of no benefit to the defendant, and only tended more completely to show his guilt. From the record I think we may fairly assume that the certificate was delivered to the attorney named therein by the plaintiff's attorney. There is no evidence of any retainer by the defendant of an attorney in the action, or of any communication between him and his alleged attorney. The certificate did not authorize the attorney to appear and answer. It permitted him to do whatever was necessary to represent the defendant, which we assume may mean to protect any interest which required protection. In the certificate the defendant admits his guilt, and therefore the attorney was not called upon to serve an answer denying his guilt. There had been no service upon the defendant and no action was pending. There was therefore no occasion for the attorney to answer. The record contains all the earmarks of a friendly litigation, in which the defendant was as anxious for the judgment as the plaintiff, and both were evidently working to that end. The only use

of an answer in this case was to take the case away from the court where it would be tried in public and have the proceeding before a referee. Had the facts been known to the court before the referee was named, it is certain the order would not have been made. I think, therefore, the answer interposed was interposed in fact by the plaintiff, and for her sole benefit, and that the defendant was acting to assist her in obtaining a divorce. The case was not therefore a litigated one, but to all intents and purposes should be treated as one of default, if it is to be considered a live case for any purpose. If an appearance by an attorney in a divorce case may take the place of the service of a summons, it does not dispense with the proof of identity of the person who authorizes the attorney to represent the defendant. Proof should be made on that subject substantially as convincing as is required in the case of the service of a summons. The presumed authority of an attorney should not dispense with other proof. Here the alleged authority appears, and it is not properly authenticated. If this case had proceeded before the court, it would have investigated more thoroughly the proof of the identity of the defendant and satisfied itself that the defendant was in court. The entry of the order of reference by consent naturally took that matter in quite a degree from the attention of the court. I am not considering the question whether the court upon a trial before it may render judgment in a case where the defendant appears by attorney and no personal service has been made. It is unnecessary to consider whether such a case is within the letter or spirit of the rule. I think that a divorce case cannot be referred if the defendant has not been served with the summons, and that in this case, within the true spirit of the rule, no answer was interposed by the defendant; that the alleged answer was collusive, and that the plaintiff can gain no benefit therefrom. I therefore favor an affirmance of the order.