(164 App. Div. 108)

McCLURE NEWSPAPER SYNDICATE v. TIMES PRINTING CO. OF SEATTLE.   (No. 6206.)

(Supreme Court, Appellate Division, First Department.   October 23, 1914.)

1. APPEARANCE (§ 9*)—WHAT CONSTITUTES.

The service of an answer, raising an issue, though it recited that defendant appeared solely to contest service of summons, is a "general appearance," within Code Civ. Proc. § 424, declaring a voluntary appearance to be equivalent to personal service; hence the filing of such answer gave the court jurisdiction over defendant.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 42–52; Dec. Dig. § 9.*

For other definitions, see Words and Phrases, First and Second Series, General Appearance.]

2. JUDGMENT (§ 17*)—VALIDITY—SERVICE OF PROCESS.

A default judgment is void where defendant was not served with process, and the question of jurisdiction may be raised at any stage of the proceedings.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. § 17.*]

3. PROCESS (§ 155*)—SERVICE—DEFECTS—MOTION.

Where defendant was not served with process, and is unwilling to subject himself to the jurisdiction of the court, he should either appear specially for the purpose of raising the objection by motion, or allow a default judgment to go against him, which judgment would be void for want of jurisdiction.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 210; Dec. Dig. § 155.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by the McClure Newspaper Syndicate against the Times Printing Company of Seattle. From an order granting a motion to set aside service of summons, plaintiff appeals. Order reversed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles A. Brodek, of New York City, for appellant.
Arnon L. Squiers, of New York City, for respondent.

McLAUGHLIN, J. This appeal is from an order setting aside the service of a summons. It was served upon J. T. Beckwith, president of the S. C. Beckwith Special Agency, a domestic corporation. After its service the defendant made a motion to vacate and set aside the same, on the ground that neither Beckwith nor the S. C. Beckwith Special Agency was a person upon whom service could legally be made. Before the determination of the motion the defendant served an answer, which contained a recital that it appeared specially and for the sole purpose of contesting the service of the summons and the jurisdiction of the court. Subsequently an order was entered, from which the appeal is taken, granting the motion to set aside the service of the summons.

[1-3] The service of the answer raised an issue in the action as to the court's jurisdiction, and this was equivalent, at least so far as that issue was concerned, to a general appearance in the action. A voluntary general appearance by a defendant in an action, for any purpose, is equivalent to personal service of the summons upon him. Code Civ. Proc. § 424; Freeman v. Freeman, 126 App. Div. 601, 110 N. Y. Supp. 686. If the defendant did not intend to subject himself to the jurisdiction of the court, he could have appeared specially for the purpose of raising that question by motion, or he could have allowed the plaintiff to take judgment by default, since no judgment without service of process in some form could bind him, and in that case the question of jurisdiction would protect him at any stage of the proceeding for its enforcement. Reed v. Chilson et al., 142 N. Y. 152, 36 N. E. 884. But he could not put in an answer in the action, raise an issue, and prevent a judgment being taken against him by default, in case of an adverse decision on the motion, and then claim, in case the motion were decided in his favor, that the answer had no effect. Any defect, therefore, in the service of the summons here in question, was waived when the defendant interposed an answer. The court thereby obtained jurisdiction, and the motion to set aside the summons thereafter was improper.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.