MELVINA S. DUSCH, Plaintiff, *v.* EUGENE DUSCH, Defendant.

Supreme Court, Erie County, May 3, 1938.

*Abraham Roth,* for the plaintiff.

*George T. Vandermeulen [Wortley B. Paul* of counsel], for the defendant.

MALONEY, J. Defendant moves for an order vacating and setting aside, annulling and holding void all proceedings had and taken herein by an official referee, and restoring the case to the Equity Term Trial calendar for trial by the justice therein presiding or an official referee to be designated by order of the court.

Plaintiff brought an action against defendant for a separation. Defendant answered, denying the allegations in the complaint and counterclaimed for an absolute divorce and separation against plaintiff. The case was at issue on the equity calendar of this court and reached for trial on the day calendar. No order was made or entered herein referring the trial of the within action to an official referee or directing or authorizing such a referee to hear and determine or hear and report his findings after a trial of the issues.

It is evident from the moving and answering affidavits herein and the hearing had herein that an official referee was nominated and selected by the attorneys for the respective parties and not by a judge. It does not appear whether or not such official referee so selected was to hear and determine or hear and report. The inquiry presented is: Did the official referee so designated acquire jurisdiction to hear and report or hear and determine the issues of fact presented?

Section 116 of the Judiciary Law provides: " Upon taking the constitutional oath of office, such official referee of the Supreme Court shall act as referee, without any compensation to be paid by the parties, to hear and report upon or to hear and determine: (1) any action, claim, matter, motion or special proceeding pending in the Supreme Court, or in a Surrogate's Court, referable by statute or the rules and practice of said courts, in which the justice or surrogate making the order of reference shall deem that for any reason the expenses of such reference shall not be borne by the parties to such action, claim, matter, motion or proceeding; (2) any action, claim, matter or special proceeding of a civil nature pending in such courts *except a matrimonial action,* referred upon consent of the parties thereto; (3) *any contested action for divorce, or for a separation or to annul a marriage where the same shall be referred by order or rule of court;* (4) *any undefended action for divorce, or for a separation, or to annul a marriage, or a proceeding for the dissolution of a marriage on the ground of absence, where the same shall be referred by order or rule of court."*

Section 117 of the Judiciary Law reads as follows: " Powers of official referees. As to all motions, actions or proceedings submitted to an official referee by stipulation of the parties appearing therein, or order of the court, *except matrimonial actions,* the same shall be deemed duly referred to said official referee and, in addition to all the powers now conferred by section four hundred sixty-nine of the Civil Practice Act, he shall proceed therein with the same power and authority as a justice presiding at a regular Special Term of the Supreme Court and entertain and grant motions for

a new trial, grant stays and orders to show cause, and he shall have similar jurisdiction and authority as to any other action or *proceeding referred to him by order of the Supreme Court including matrimonial actions.* Every official referee shall have the power to administer oaths and take acknowledgments; the violation of an order of such official referee may be punished as for a contempt of court by the court at Special Term."

No order of reference ever having been made by a justice of the Supreme Court in this action as required by law, the official referee herein was, in my opinion, without jurisdiction to hear and determine or hear and report herein. The only method by which an official referee may acquire jurisdiction in a matrimonial case is provided in the Judiciary Law (*supra*).

Rule 281 of the Rules of Civil Practice provides: " In an action to annul a marriage or for divorce or separation the court shall not order a reference to a referee nominated by either party or agreed on by the parties."

And section 465 of the Civil Practice Act reads as follows: " Reference in discretion of court. *A reference shall not be made, of course, upon the consent of the parties, in an action to annul a marriage, or for a divorce or a separation * * * in a case* specified in this section, *where the parties consent to a reference, the court, in its discretion, may grant or refuse a reference;* and, *where a reference is granted, the court must designate the referee.*"

The court has no power to make an order validating the proceedings taken before an official referee who has been appointed and selected by the parties in violation of the provisions of the Judiciary Law, the Rules of Civil Practice and the Civil Practice Act pertaining thereto. (*Pratt* v. *Pratt,* 2 App. Div. 534; *Fallon* v. *Egberts Woolen Mill Co.,* 24 Misc. 304; affd., 46 App. Div. 630; *Hicks Beach Co.* v. *Frost,* 99 Misc. 33; *Ives* v. *Ives,* 80 Hun, 136; *Friedman* v. *Friedman,* 240 N. Y. 608.)

The failure to enter an order of reference in this matter is a jurisdictional defect and cannot be cured by an order *nunc pro tunc.* (*Stock* v. *Mann,* 255 N. Y. 100; *Dexter & Carpenter, Inc.,* v. *Lake & Export Coal Corp.,* 196 App. Div. 766; *Conklin* v. *Federal Trust Co.,* 176 id. 572; *Medart Mfg. Co.* v. *Rafferty,* 243 id. 632.)

Defendant's motion is hereby granted, without costs, and the case is referred to the Honorable JAMES E. NORTON, official referee, to hear and determine.