WALTER A. MALONEY et al., Plaintiffs, *v.* ABNER H. FERGUSON, as Administrator of Federal Housing Administration and as Director of Baldwin Gardens, Inc., Defendant.

Supreme Court, Special Term, Kings County, August 5, 1943.

*Harold M. Kennedy, United States Attorney for the Eastern District of New York (Eli Resnikoff and Vine H. Smith of counsel), for defendant appearing specially.*

*E. R. Hurley for plaintiffs.*

WALSH, J. Plaintiffs are suing " Abner H. Ferguson, as Administrator of the Federal Housing Administration and as Director of Baldwin Gardens Inc." It is conceded that the summons and complaint were served upon Abner H. Ferguson personally at his residence in Washington, D. C., on January 21, 1943; also said service was not made pursuant to any order of this court.

The defendant appears specially and moves to vacate the service of the summons and to dismiss the complaint on the ground that the court has not jurisdiction of the defendant, since process was served in Washington, D. C., outside the State of New York, without an order.

Plaintiffs oppose the motion contending (*first*) the merits of the matter have already been considered by this court and the motion denied; (*second*) the motion should have been made within twenty days (Rules Civ. Prac., rule 107); and (*third*), under the National Housing Act (U. S. Code, tit. 12, § 1702), the United States Government has expressly consented to service of process by this court outside its territorial jurisdiction.

As to the first point, it seems that a similar motion was made before Mr. Justice CUFF, who rendered a decision (N. Y. L J., June 8, 1943, p. 2244, col. 7). Justice CUFF denied the motion " without prejudice to any other motion the commissioner may be advised to make attacking the service." The decision is based on the fact that the objection to the service was that the court had not acquired jurisdiction " of the person of Abner H. Ferguson " whereas Commissioner Ferguson was being sued in his representative capacity as an executive of Federal Housing Administration and a director of Baldwin Gardens, Inc.

It does not appear that Justice CUFF passed on the merits of the question now brought before the court by notice of motion dated June 24, 1943. Further, his decision was rendered "without prejudice."

Plaintiffs' second objection to the motion, that more than twenty days have elapsed since the service of the complaint (Rules Civ. Prac., rule 107), cannot be sustained. Without passing on the right of this court to extend the time to move under rule 107, it seems that a defendant should be permitted to appear specially and to move, even after the expiration of twenty days, to have an extraterritorial service declared a nullity. The defendant is subject to the process and jurisdiction of this court. Process, however, must be served as prescribed in the Civil Practice Act of the State of New York. A proper service of the summons has not been made upon the defendant. Such a defect can be taken advantage of only by special appearance and a motion to set aside the proceeding. (Carmody on New York Pleading and Practice, Vol. 2, §§ 658, 659; Vol. 3, § 1041.) Defendant may contest the validity of process without submitting to jurisdiction. "If the defendant did not intend to subject himself to the jurisdiction of the court, he could have appeared specially for the purpose of raising that question by motion, or he could have allowed the plaintiff to take judgment by default, since no judgment without service of process in some form could bind him, and in that case the question of jurisdiction would protect him at any stage of the proceeding for its enforcement" (*McClure Newspaper Syndicate* v. *Times Printing Co.*, 164 App. Div. 108, 109).

The third contention by plaintiffs is that the Federal statute (relative to the Federal Housing Administration) authorizes such service as was herein made. Section 1702 of title 12 of the United States Code provides: "The administrator shall * * * be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal." The plaintiffs argue that the service here was not made outside the territorial limits of the sovereignty because the territorial sovereign concerned herein is not New York State but the United States; further, that the right or jurisdiction to determine the action was granted not by the New York State Legislature, but by the United States Congress. Plaintiffs' interpretation of this statute is entirely unwarranted. Its only effect is to confer power upon the Administrator to sue and to waive Federal immunity from suit. It does not dis-

pense, however, even if it could, with New York State's requirement as to personal service which the courts of this State will recognize.

The case of *F. H. A.* v. *Burr* (309 U. S. 242), cited by the plaintiffs, is not in point, nor is it authority for plaintiffs' argument in support of the purported service herein.

It is not necessary to discuss whether or not the defendant Ferguson is Commissioner or Administrator. Motion to vacate the service of the summons and complaint herein is granted.