Dore, J.
The primary issue on appeal is whether defendant’s answer, setting forth that he appeared specially only to contest the jurisdiction of the court over his person, amounts to a general appearance.
Plaintiff, wife, sues for divorce on the statutory ground. Special Term has denied her motion for alimony pendente lite, counsel fee and custody of the children on the ground that the court’s jurisdiction was limited to the marital res as personal service was made on defendant in Massachusetts and defendant’s answer was a special and not a general appearance. Plaintiff appeals.
On April 17, 1947, defendant was personally served with a summons and complaint in Massachusetts in claimed accordance with amended section 235 of the Civil Practice Act (L. 1946, eh. 144). Defendant did not by special appearance and motion contest the court’s jurisdiction. He interposed an answer and an amended answer in which he did not deny any of the allegations of the complaint but stated he was appearing specially to contest the jurisdiction of the court only over his person and property. The answer set up as separate defenses lack of jurisdiction (1) in personam and (2) over defendant’s property.
Section 237 of the Civil Practice Act provides that a voluntary general appearance of the defendant is equivalent to personal service of a summons upon him. Defendant by answer has raised an issue in the action as to the court’s jurisdiction of his person. This court has held that raising such issue by answer is equivalent to a general appearance. In McClure Newspaper Syndicate v. Times Printing Company of Seattle (164 App. Div. 108), defendant also served an answer stating that it appeared.specially for the sole purpose of contesting the jurisdiction of the court. This court, in an opinion by McLaughlikt, J., unanimously held: “ The service of the answer raised an issue in the action as to the court’s jurisdiction, and this was equivalent, at least so far as that issue was concerned, to a general appearance in the action. A voluntary general appearance by a defendant in *577 an action, for any purpose, is equivalent to personal service of the summons upon him.”
Defendant having answered, and raised an issue by answer, appeared generally in the action and submitted to the court’s jurisdiction over defendant’s person and property.
By the device of purporting to appear specially by answer and ask that the complaint be dismissed only “ insofar as in per-st nam relief is invoked by plaintiff ”, defendant appears to be willing that plaintiff obtain a divorce decree against him on the statutory ground if by such decree he is not. compelled to pay alimony, counsel fee, or provide for the support of the children of the marriage.
In view of our holding that defendant by his answer appeared generally, it is unnecessary to pass upon the issues raised in connection with section 235 of the Civil Practice Act as amended in 1946.
Defendant, adhering to his purported special appearance, avoided litigating the amount of alimony, counsel fee and issue of the custody of the children. On this record we are unable, therefore to determine on the merits such factual issues. Accordingly, the motion must be remanded to Special Term for such determination.
The order appealed from should be reversed, with $20 costs and disbursements to appellant and the case remanded to Special Term to determine the factual issues relating to the amount of alimony pendente Ute, counsel fee and the custody of the children.