Van Voorhis, J.
(dissenting). In view of the dual nature of an action for divorce by a wife who is also applying for alimony — the cause of action to dissolve the marriage being in rem, and the claim for alimony being in personam — it does not seem to me that McClure Newspaper Syndicate v. Times Printing Company of Seattle (164 App. Div. 108) is controlling. The answer interposed by defendant properly informed the court that defendant was not contesting the cause of action in rem, but that the court lacked jurisdiction to render judgment against him for alimony in personam. His act in interposing such an answer should not be held to have given the court jurisdiction over him in personam. Defendant could not have moved to set aside the service of the summons if the service was formally correct, inasmuch as service of the summons upon him outside of the State of Hew York would have given the New York court jurisdiction over the marital res (Jackson v. Jackson, 290 N. Y. 512). I do not think that under such circumstances a defendant *578 should he obliged to stand aside and let a personal judgment for alimony be entered against him, and be relegated to a motion to vacate it, perhaps after substantial damage has been done. The procedure of placing his position before the court by answer, in order that the court may know what it is doing before it acts, is reasonable, and should not be rendered impracticable, as is being done by the majority determination.
Special Term did not pass upon whether defendant was domiciled in Massachusetts or in Hew York when the summons was delivered to him in Massachusetts, nor does it appear from the moving papers whether service was made in the manner specified by section 235 of the Civil Practice Act. The interpretation or constitutionality of that amendment to the Civil Practice Act is, therefore, not before this court at the present time.
Special Term was correct, as it seems to me, in denying the plaintiff’s motion for temporary alimony and counsel fee on the papers that were before it, but I vote to modify the order so as to make it without prejudice to a further application showing whether section 235 of the Civil Practice Act was complied with. The effect of that section could be tested in that event.
Peck, P. J. and G-lennon, J., concur with Dobe, J.; Van Voorhis, J. dissents in an opinion in which Shientag, J., concurs.
Order reversed, with $20 costs and disbursements to the appellant and the case remanded to Special Term to determine the factual issues relating to the amount of alimony pendente lite, counsel fee and the custody of the children. Settle order on notice. [See post, p. 1053.]