■ BETTY A. WOLF, Appellant, v. CHARLES S. WOLF, Respondent.— Order, entered on November 1, 1962, granting plaintiff weekly temporary alimony of $135 and $50 for the support of the child, and $1,500 counsel fee, modified, on the law and on the facts, by increasing the weekly temporary alimony to $200 and the counsel fee to $3,000, and, as so modified, affirmed, with $20 costs and disbursements to plaintiff-appellant. On this record we find the awards of temporary alimony and counsel fee to be inadequate. Concur — Rabin, J. P., McNally and Steuer, JJ.; Eager and Stevens, JJ., dissent and vote to affirm in the following dissenting memorandum by EAGER, J. We would affirm the order appealed from. In view of the charges and countercharges and the contradictions in the affidavits, it is not possible to now determine where the truth lies. It may be that plaintiff wife has no cause of action. And it clearly appears that notwithstanding the alleged unfairness in the alimony award, the plaintiff and her child, by virtue of the award as made and her independent earning ability, will be sufficiently, albeit not luxuriously, supported pending a trial. Furthermore, the plaintiff is not seriously prejudiced because the award is on the low side. The award is not usable as a guide for the fixing of permanent alimony after a trial (Tripp, Guide to Motion Practice [Cum. Supp. 1955–1962], § 150, p. 270) and, if the plaintiff has a meritorious cause and is successful on the trial, any unfairness in the temporary award may be corrected by making the award of permanent alimony retroactive in whole or in part. (See *Zolinsky* v. *Zolinsky*, 17 A D 2d 158; *McCarthy* v. *McCarthy*, 143 N. Y. 235.) Special Term having expressly made provision for prompt filing of a note of issue, an early trial could have been had. The plaintiff's remedy against an unfairness in a temporary alimony award, if any, was, therefore, to seek an early trial rather than to prosecute this appeal. "The best protection to both parties against any unfairness in the fixing of temporary alimony on the basis of affidavits is a speedy trial rather than an appeal or reference" (*Bleiman* v. *Bleiman*, 272 App. Div. 760). Under all the circumstances, we conclude that increasing of the temporary alimony award by this court, rather than being in the interests of justice, tends to reward plaintiff for a lack of diligent prosecution of this action. So far as the award of counsel fees is concerned, the plaintiff is adequately protected in that the order appealed from expressly provided that the plaintiff shall have leave to make application to the trial court for an additional allowance as warranted by the facts and circumstances there established. Settle order on notice.